Ltpsoomb, J.
This action was brought by the appellant as administrator of Jesse Thompson to recover a tract of land claimed by him as a part of the estate of his intestate. The defendant by way of defense filed a peremptory exception to the right of the plaintiff to sue, thus presenting the question of law, whether an administrator can sue for the lands of his intestate.
The exception was sustained and the plaintiff appealed. The rule of the common law is, that the personalty shall go to the legal representative, and the realty shall descend to the heir on the death of his ancestor. The heir tabes the land subject to a particular grade or dignity of debts, but the personal represenatation has nothing to do with it. By statute some modifications have been made, hut none of them it is believed makes land assets in the hands of the administrator. In some of the states of the Union the-common law rule is *(346) in force, and in others it has been so qualified as to mate the lands contingently a fund in the hands of the administrator, to be sold by him and the proceeds applied to the payment of debts of every kind, where the personalty is insufficient; in such cases it would seem he could sue for land, which might be necessary to pay debts if it was held against the better title of his intestate. The difference in the rule of the common law between land and personal property never had existence in this country. To keep real estate in families, to give them greater influence and support the dignity of the aristocracy was the result of their form of government, and may be traced to the feudal ages. Guards were thrown around the descent, and transmission of this title unknown in the change of personal property. These distinctions are unknown to the civil law as it prevailed under Spanish modification in Texas; land here was thought to be of comparatively little value, and many a fine league has been transmitted with as little form and ceremony by our early colonists, as would attend the sale of an Indian pony.
All property, without distinction, was classed together. The Spanish civil law being the basis of our jurisprudence, much of our legislation after the revolution was imbued with its influence; hence, our act of congress passes all of the estate of a decedent into the hands of the personal representative; he is required to return an inventory of the land to have it appraised, and it is taken into the estimate of the value of the estate; and his bond given, with reference to the aggregate amount of the estate, binds him to its faithful administration. This would'not only seem unnecessary, but would be exceedingly onerous to him, if it conferred no right to the possession of the land. If he have a right to the possession, the care and superintendence in the due course of his administration, it would seem to follow that he would have a right of action if the possession was withheld from him.
Under our acts of congress authorizing suits to be brought against the government to establish headright claims, it was decided by the supreme court of the republic that an administrator or executor may sue, we believe, from the obligations he is under to administer the estate faithfully, that the right to sue in his own name is a necessary result.
In this case we wish it to be understood that our opinion is confined to the single question of the capacity of an administrator to sue as such for land. ¥e believe, from the record that this was the narrow ground on which it was presented in the district court by the exception. If the plaintiff never was the administrator, or if having *(347) once been, he bad ceased to be such before the commencement of the suit, we believe the exception as filed did not reach it; and that in order to have done so, it should have been differently formed. We are induced to make these remarks in consequence of the position assumed by the appellee in the argument of the case; if those positions were supported by the records, the argument and the authorities referred to would certainly be entitled to much weight.
The appellee can avail himself of such facts, if they are true, by amending in the court below; and to give him an opportunity to do so, and at the same time to enable the plaintiff to amend and make out a better case, if from the facts he can do so, the judgment is reversed and the cause remanded, with leave to both parties to amend in the court below.