[311] PHILIP HOWARD, ADM'R OF JOHN McSHERRY, DECEASED, VS. THE REPUBLIC OF TEXAS — Appeal from Victoria County.

If any land be due a deceased intestate under the laws of the country, the administrator is authorized to sue the government for the same, as well from the special laws permitting such suits to be brought as from the powers conferred by general laws on executors and administrators. [16 Tex. 413; 20 Tex. 81; 24 Tex. 441; *post*, 433.]

This was an original application by an administrator for a league and labor of land, alleged to be due his deceased intestate by virtue of the laws of colonization of Coahuila and Texas. The deceased, it is averred, emigrated to Texas in 1829, and resided therein as a colonist until his death in 1832, leaving a widow and son, who still reside in the country, and had always done so to the present time; that the deceased died before receiving his quantum of land as the head of a family, and that the same had not since been received by his heirs or any other person. The petition was sworn to, and the suit was brought in 1843, under the 11th section of the act of 1841, "supplementary to an act to detect fraudulent land certificates," etc.

The petition was demurred to as insufficient in law to sustain the plaintiff's cause of action, and the demurrer being sustained the cause was dismissed.

From a bill of exceptions sent up in the record, it appears that the court granted leave to the plaintiff so to amend his petition, provided no objection was made by the district attorney, as to make new parties plaintiffs, which, not being consented to by the district attorney, the demurrer was [312] sustained and cause dismissed, as above stated. Whereupon the plaintiff appealed.

*Neill*, for appellant.

* *Harris*, Attorney General, for appellee.

Mr. Chief Justice HEMPHILL, after stating the facts of the case, delivered the opinion of the court.

There are no special causes of exception pleaded, but from a bill of exceptions, and the attempt to amend the petition by the substitution of the widow and son of the deceased, as parties, instead of the administrator, we may presume that the exception was sustained on the ground that the suit was brought by the administrator, and not the heirs of the deceased.

This question was fully examined in the case of the Republic v. Dewees' Administrator, at the December term, 1845, and decided in favor of the authority of the administrator to prosecute the action.

The right was deduced, not from any plain, positive provision of law, but, inferentially, from several statutory provisions, and the general responsibilities resulting from the trust.

It was shown that by the act regulating probate courts, February 5, 1840, the administrator was required to inventory, and cause to be appraised, not only the goods and chattels, but also the lands of the deceased — and all of which, real as well as personal property, he was authorized, in the course of his administration, to sell in discharge of the debts against the estate; to which it may be added that he became liable for the appraised or real value of the whole estate.

His duties, obligations and powers were enlarged by these

provisions, and the principles and rules applicable to his authority when restricted to the personalty must be modified [**313**] to correspond with a trust embracing real as well as personal property.

That by the 12th section of the land law of 1837, the " *legal representatives* " of claimants by inheritance were required to prove the claim for land in the same manner as other persons; and though these terms were often applied to heirs, yet they were more generally descriptive of " executors and administrators." That in the act to provide for the settlement of deceased soldiers' estates, approved May 18, 1838, administrators are required to enter into bond, with approved security, before the secretary of war or board of land commissioners were authorized to issue bounty warrants or land certificates. That in the act granting lands to those who were in the battle of San Jacinto, and other battles, approved May 24, 1838, the secretary of war was authorized to issue land warrants to the legal representatives, in the name of the heirs, of all persons who fell in these actions, and the boards of land commissioners are required to grant certificates of headrights to the heirs, or legal representatives, of those who fell in said battles. And that in the act authorizing the granting of duplicate land warrants, etc., administrators, and the legal representatives, were not required to take the oath prescribed by that act.

From these various provisions, the court was of the opinion that an administrator may rightfully sue the government for a land claim due the succession under his administration.

We have drawn the more copiously from this opinion as it was not adverted to by counsel, and has not been, and, with the other opinions of that term, will, most probably, never be published.

The act of the administrator is not for his own advantage, but for the benefit of the heirs of the deceased. Having the care and control of the entire estate, it would seem to be his peculiar duty to prosecute and defend suits in which the [**314**] succession is interested, during the continuance of the trust which he has assumed.

There can be no doubt that the heirs of a succession could

receive a grant in their own names, the law having given them, in various provisions, express authority for that purpose.

As it was only by special permission that the government can be sued, any person may prosecute the claim who is recognized by the laws as having authority for that purpose. In the case of Thompson, Administrator, v. Duncan, 1 Tex. 435, the question of the right of the administrator to sue for the recovery of a tract of land, claimed as belonging to the estate of an intestate, was discussed at some length, and it was held that his legal obligation to return an inventory of the whole estate, and administer the same faithfully, without any distinction between real and personal property, invested him, as a necessary consequence, with the power to sue for the recovery of lands.

If any land be due the deceased under the laws of the country, the administrator is authorized to prosecute the claim, as well from the special laws permitting suits to be brought against the government for claims to lands, as from the powers conferred by general laws on executors and administrators.

There was error, therefore, in the judgment of the court below in sustaining the exception and dismissing the petition, and it is ordered that the same be reversed and the cause remanded.

---

[315] THE STATE OF TEXAS VS. THE HEIR OF MASON — Appeal from Travis County.

A suit to obtain a headright certificate, brought under the 11th section of the act of February 4, 1841, supplementary to "an act to detect fraudulent land certificates," etc., could only be sustained prior to the passage of the act of February 2, 1848, by a compliance with all the formalities prescribed by the act of 1841.

The joint resolution of May 24, 1838, which made the certificate of the secretary of war sufficient evidence before the board of land commissioners for the establishment of the headright claims of those who fell while under the command of Fannin, Travis, Grant and Johnson, became dormant from the 2d January, 1840, and was not revived by the act of February 4, 1841.