GUNTER AND MUNSON V. MICHAEL FOX.

PARTIES—PROBATE MATTERS—ADMINISTRATION.—Suit was brought against A in the District Court of Rusk county by B, an administrator, to recover land claimed by him as the property of the estate of his intestate, at the November Term, 1857, which land had been patented to intestate. At the same term judgment was rendered for A for the land, on the written agreement filed by the administrator and signed by him, to the effect that the land certificate upon which the patent issued was the property of A. The heirs were not made parties. In a subsequent suit, brought by those claiming under A, and against a party in possession under deeds from the heirs : *Held*—

1. That under the laws then in force, (Probate Act of 1848 and Act of 1846, Paschal's Dig., arts. 1373, 1447,) the heirs were not necessary parties to the first suit.

2. Barrett *v.* Barrett, 31 Tex., 344, overruled, in so far as it conflicts with above.

3. Thompson *v.* Duncan, 1 Tex., 488; Howard *v.* Republic, 2 Tex., 312; and Graham *v.* Vining, 2 Tex., 433, approved.

4. In a case of willful neglect or fraudulent combination on the part of the administrator, the heirs had a right to sue for the protection of their interest.

5. Under the probate act of 1870, the heirs were necessary. parties to a suit involving title to land.

6. The judgment of the District Court of Rusk county was binding on the heirs.

7. If there was error in the judgment of the District Court of Rusk county, it could not be set up in a collateral proceeding.

APPEAL from Grayson.    Tried below before the Hon. Joseph Bledsoe.

This suit involved three hundred and twenty acres of land located in Grayson county by virtue of the headright certificate of James E. Glasscock.

Ben. Smithers administered on Glasscock's estate in Rusk county, and while administrator brought a suit in the District Court of Rusk county against S. P. Hollingsworth and James R. Armstrong for the land in controversy.  The case was submitted to the court without a jury, upon the pleadings and the following agreement, to wit: "The plaintiff agrees that the unconditional headright certificate of James E. Glasscock, his intestate, number ——, issued by the board of land commissioners for Rusk county, Texas, on the — day of ——————, A. D. ——, for six hundred and forty acres of land, is rightfully and lawfully the property of said defendants Hollingsworth and Armstrong, and that said defendants have located and surveyed six hundred and forty acres of land under and by virtue of said certificate in Grayson county, in two tracts of three hundred and twenty acres each, which tracts have been patented in the name of James E. Glasscock on October 27, 1857."   No evidence was introduced by either party upon the trial of the case, except the agreement.   The court rendered judgment in favor of said Hollingsworth and Armstrong against Smithers, divesting him, as administrator of James E. Glasscock, and the heirs of Glasscock and his estate of all right, title, and interest in the land.   The land was patented before the rendition of the decree.   None of the heirs of James E. Glasscock were parties to said suit.

This suit was brought by Gunter and Munson against Michael Fox for the land.   It was agreed that appellants (plaintiffs below) claimed under regular chain of title from

Hollingsworth and Armstrong, and that appellee claimed under regular chain of title from the heirs of James E. Glasscock and was in possession of the land.

Counsel submitted the case in this court on the following agreement:

" We agree that there is no fact in dispute, and that the only question at issue is as follows, viz.:

" Were the heirs of James E. Glasscock bound by the decree of the District Court of Rusk county, rendered upon the said agreement of the administrator of the estate of said Glasscock, they (the heirs) not being parties to the suit?

" We agree that the foregoing is a substantial statement of the facts of this case as proved, and of the question of law between the parties."

The land was patented to James E. Glasscock. The judgment against Smithers, administrator, in favor of Hollingsworth and Armstrong, was rendered in November, 1857. Judgment in this suit was rendered against Gunter and Munson, and they appealed.

*Throckmorton, Brown & Bryant,* for appellants.—By the laws of Texas then in force, Smithers, as administrator, was entitled to the possession of the real and personal property of his intestate, was required to give bond for it, and to sue for possession of it if necessary. (Paschal's Dig., art. 1334; Hart. Dig., 1182; Paschal's Dig., art. 1373; Thompson *v.* Duncan, 1 Tex., 488.)

Smithers, as administrator of Glasscock, being entitled to the possession of the land, had authority to sue for it, and the heirs were not necessary parties to the suit. (Thompson *v.* Duncan, 1 Tex., 488; Howard *v.* Republic, 2 Tex., 312; Graham *v.* Vining, 2 Tex., 433; Holt *v.* Clemmons, 3 Tex., 426; Kegans *v.* Allcorn, 9 Tex., 25; Curtis *v.* Herrick, 14 Cal., 117; Curtis *v.* Sutter, 15 Cal., 259; Meeks *v.* Hahn, 20 Cal., 621.)

The heirs of Glasscock could not have maintained a suit

for the land while the administration by Smithers was open. (Giddings *v.* Steele, 28 Tex., 747; Meeks *v.* Hahn, 20 Cal., 621.)

The administrator being entitled to sue for and hold real and personal property alike, represented the heirs and creditors in the same manner as to each, and a judgment against him would bind creditors and heirs in the same manner as to real and personal property. (Freem. on Judg., sec. 163; Millican *v.* Millican, 24 Tex., 441; Owen *v.* Shaw, 20 Tex., 88.)

*Hare & Head,* for appellee.

I. The heirs of Glasscock were not affected by the decree, not being parties to the suit. (Barrett *v.* Barrett, 31 Tex., 344; Loller *v.* Frost, 38 Tex., 208; Holt *v.* Clemmons, 3 Tex., 426.)

II. There was no provision in the probate law of 1848 which authorized the administrators to try the title to land claimed by their intestates. They were only entitled to the possession for the purposes of administration. (Paschal's Dig., art. 1373; Barrett *v.* Barrett, 31 Tex., 344; Loller *v.* Frost, 38 Tex., 208; Withers *v.* Patterson, 27 Tex., 502; Ansley *v.* Baker, 14 Tex., 613; Blair *v.* Cisneros, 10 Tex., 40, 41.)

III. By an express provision of the probate act of 1848, the common law was in force when not in conflict with that act; and by the common law the heirs are necessary parties in suits involving the title to land, and are not divested by a decree against the administrator. (Paschal's Dig., art. 1396; Blair *v.* Cisneros, 10 Tex., 41; 2 Phill. Ev., p. 11, C. & H. notes to No. 259.)

IV. There is only one class of cases under the probate act of 1848, and the probate acts previous to that time, when the title to land could be adjudicated in a suit against the administrator when the heirs were not parties, viz., "cases for specific performance," and these were provided for by statute and in analogy to it. (Paschal's Dig., art. 1313; Texas au-

thorities cited by appellants under their second and fourth propositions; Paschal's Dig. of Decisions, 643–657; Otten-house *v.* Burleson, 11 Tex., 87.)

V. An administrator cannot divest his estate and the heirs of their title to land by his confessions or agreements; but a decree against an estate must be based upon evidence outside of the agreement of the administrator.

In this case it is agreed that no evidence was introduced upon which to base the decree in Rusk county under which appellants claim, except the agreement of the administrator. (Hendrix *v.* Hendrix, 46 Tex., 6; Adriance *v.* Crews, 45 Tex., 181; Caldwell *v.* Young, 21 Tex., 803; Freeman on Judg., sec. 545; Mallory *v.* Clark, 20 How. Prac., 418; Thentt *v.* Townsend, 31 Md., 336; Marks *v.* Reynolds, 12 Abb. Prac., 403.)

BONNER, ASSOCIATE JUSTICE.—The parties have made an agreement, under rule 59, as to the points in issue, which are purely questions of law.

There is but one ground of error assigned, to wit: "The court erred in giving judgment upon the facts for the defendant."

The agreement made presents two issues of law, viz.:

1. Did Smithers, as administrator of Glasscock, have authority to sue for the land, and does the judgment against him bind the heirs of Glasscock?

2. Could Smithers, as administrator, admit the right of defendants Hollingsworth and Armstrong, and is the judgment rendered upon the agreement void?

1st. As early as the first volume of our reports, it was held, that the rule of the common law, that the personalty shall go to the legal representatives and the realty to the heirs at law, never had an existence with us; that the reason of this rule, which can be traced to the feudal ages, founded upon the policy of retaining real property in the families of the aristocracy to give them greater influence, did not apply to our

form of government; that this common-law distinction was unknown to the modification of the civil law which prevailed in Texas, and that under the probate act of 1840 the administrator was bound by his oath to administer both the personal and the real estate. (Thompson *v.* Duncan, 1 Tex., 488; Howard *v.* Republic, 2 Tex., 312; Graham *v.* Vining, 2 Tex., 433.)

In the subsequent case of Guilford *v.* Love, 49 Tex., 733, it is said: "It was decided at an early day, from the general authority intrusted to an administrator by the probate laws, that he could, without the heirs being joined with him, bring and defend suits for land to protect the interests of the estate."

In the case of Barrett *v.* Barrett, 31 Tex., 344, the administrator was the defendant, and the first three above-named cases, which had then been decided, seem to have been overlooked. So much of that opinion which holds that it was impossible for the court to adjudicate upon the title without making the heirs at law of the intestate, upon whom the descent had been cast, parties, when applied, at least, to a suit in which the administrator is the plaintiff, seems to be in conflict with the above and, we think, better-considered cases.

In harmony with these cases, section 112 of the probate act of 1848, (Paschal's Dig., art. 1373,) gave to the executor and administrator the right to the possession of all the estate, subject to the payment of debts, the residuum to go to the heirs. It was thereby further made their duty to recover this possession, which, as a necessary incident, carried with it the right to sue therefor.

The decree of the District Court of Rusk county read in evidence, and to which objection was made, was rendered in November, 1857, when this act was in force.

In cases of willful neglect, refusal of duty, or fraudulent combination on the part of the executor or administrator, then the heirs had the right to sue to protect their interests;

but these were exceptions to the general rule. (Moore *v.* Morse, 2 Tex., 402; Patton *v.* Gregory, 21 Tex., 513.)

The construction given to the previous acts was changed by the express provisions of the probate act of 1870, which required that the heirs should be made parties when the title to land was affected by the recovery in the suit. (Paschal's Dig., arts. 5614, 5697–5699, 5000, as amended and repealed by the act of the 13th Leg., 112, 117.)

In view of the generally-received construction given to our probate laws, as shown by the above decisions, the decree of the District Court of Rusk was binding on the heirs of James E. Glasscock, though not made parties thereto.

It may be further added, that section 44 of the District Court act of 1846, (Paschal's Dig., art. 1447,) provides that suits for the title or possession of lands may be instituted by executors, administrators, or guardians, and judgments shall be as conclusive as if rendered in favor of their testator or intestate.

2d. The District Court of Rusk county had jurisdiction of the subject-matter of that suit, and the proper and necessary parties were before the court. If, therefore, there was any error in the action of that court in admitting as evidence the agreement of the administrator, Ben Smithers, this was but an irregularity, which could be corrected only by direct proceedings on appeal or error, and could not be made available by the vendees of the heirs in this collateral action.

We are of opinion, then, that there was error in the case now before the court, in not rendering judgment for the plaintiffs; and the cause having been submitted upon an agreed statement of facts, it is ordered that the judgment of the court below be reversed, and that judgment final be now entered in this court for the appellants, Gunter and Munson; which is accordingly done.

REVERSED AND RENDERED.