I. H. BOGGESS v. J. M. BROWNSON, ADM'R.

(Case No. 3605.)

1. SUIT BY ADMINISTRATOR IN TRESPASS TO TRY TITLE.— Under the probate laws of 1876, an administrator, suing alone as such, can maintain an action of trespass to try title for the recovery of land without the necessity of making the heirs parties. Gunter v. Fox, 51 Tex., 383 (overruling Barrett v. Barrett, 31 Tex., 344), followed.

2. USE AND OCCUPATION.— A plaintiff in trespass to try title cannot be prevented from recovering for use and occupation, when he recovers the land, by a mere failure to have paid the taxes on the land, under art. 5306, Pasch. Dig. It must be shown in addition that the defendant has paid all the taxes during the entire period of his occupancy. The article referred to was repealed by the adoption of the Revised Statutes.

APPEAL from Montague. Tried below before the Hon. J. A. Carroll.

Trespass to try title brought by J. M. Brownson, appellee, as administrator of Robert R. Barrow, deceased, against I. H. Boggess

and D. C. Blevins.  At the June term, 1877, J. P. Smith, Esq., one
of the attorneys for plaintiff, filed his affidavit that the deeds com-
prising the chain of title of defendant I. H. Boggess were forged.
At the October term, 1877, the case was tried by a jury and a ver-
dict rendered awarding the land to plaintiff, fixing its value at
$1,000.  The verdict also gave defendant Boggess $320 for his im-
provements, and awarded to plaintiff $100 for rents on the land.
Judgment accordingly.  Appellant assigned the following errors:

"1. The court erred in overruling the demurrer of defendant to
the petition of plaintiff.

"2. The court erred in its instructions to the jury in the third
paragraph of the fourth subdivision of the charge, in submitting to
the jury the question as to the value of the rents of the land in con-
troversy.

"3. There was error in the finding of the jury for plaintiff the
sum of $100 for rents on the land in controversy.

"4. The court erred in rendering judgment against defendant for
the sum of $100 for rents, in accordance with said erroneous finding
of the jury.

"5. The court erred in refusing to give the instruction to the jury
asked by defendant."  .  .  .

*Grigsby & Willis*, for appellant, cited Probate Act of 1870, p. 141;
Laws of 1873, sec. 10, p. 112; art. 1447, Pasch. Dig.; id., 4577;
3 How., 636; 1 Ash., 179; Ellis *v.* Page, 4 Pick., 43, 45; Bryan *v.*
Sundberg, 5 Tex., 423; 7 Mass., 140; 12 Mass., 537, 545; 1 Pick.,
43; 9 Pick., 97; 3 Greenleaf, 22; Rogers *v.* Watrous, 8 Tex., 65;
Pasch. Dig., art. 5306; Bailey *v.* White, 13 Tex., 114; Scott *v.* State,
31 Tex., 410; Pasch. Dig., art. 1591; Carpenter *v.* Winslow, 18 Tex.,
134; Cochran *v.* Thompson, 18 Tex., 652.

No briefs on file for appellee.

WALKER, P. J. COM. APP.— The only question raised on the de-
murrer to the petition, in the brief of appellant's counsel, is whether,
under the general probate laws of 1876 (Acts 15th Leg.), an adminis-
trator, suing alone as such, may maintain an action of trespass to
try title for the recovery of land, in a suit which involves the title
thereto.

Our probate system from 1846 to 1870 conferred upon the admin-
istrator the right to bring and defend suits for land, without being
joined by the heirs.  See Guilford *v.* Love, 49 Tex., 733, and cases

there cited; also Gunter *v.* Fox, 51 Tex., 388; Burdett *v.* Haley, 51 Tex., 542.

The statutory restrictions upon the right in question under the probate laws of 1870 (Pasch. Dig., arts. 5614, 5700), and the amendments thereof in 1873 (Acts 13th Leg., pp. 112, 117), need not be considered further than to inquire to what extent, if any, the restrictive legislation referred to has been superseded or modified by the general probate law of 1876 (Acts 15th Leg.).

Clearly the law of 1876 wholly repealed the acts referred to, of 1870 and 1873; for it plainly was intended to embrace the entire subject matter of those acts, and to be a substitute for them.

That act re-enacted section 112 of the probate law of 1848 (art. 1373, Pasch. Dig.), which provided as follows: "That upon the issuance of letters testamentary, or of administration, on any such estate, the executor or administrator shall have a right to the possession of the estate, as it existed at the death of the testator or intestate, with the exception aforesaid" [the exception refers to exempt property]; "and it shall be his duty to recover possession of and hold such estate in trust, to be disposed of under the provisions of this act." See Acts 1876 (15th Leg.), p. 127.

It also re-enacted section 73 of probate law of 1848 (art. 1334, Pasch. Dig.), which required the executor or administrator "to recover possession of all property to which the estate has a right." Acts of 1876 (15th Leg.), pp. 104, 105.

From the act of congress of the republic (1840) down to the act of 1870, the general probate system has conferred the right and imposed the duty upon the administrator, to administer alike on all the property of intestate, without regard to any distinction, so far as concerns the right to sue for the same, between realty and personalty; and the decisions made under them have discarded any distinction as to whether the suit brought would involve the title to the land, or merely the right to recover its possession.

The cases which have been decided do not rest the right of the administrator to sue for land without being joined by the heirs, in cases where the action involves the title, upon the narrow ground that he is authorized to do so by a special provision of statute to that specific effect; such, for instance, as the provision contained in the district court act of 1846, which enacted that "suits for title, or for the possession of lands, or for any right attached to or growing out of the same, or for any injury or damage done thereto, may be instituted by executors, administrators or guardians, in like manner as they could have been by their testator or intestate, and judgment

in such cases shall be as conclusive as if rendered in favor of their testator or intestate." Art. 1447, Pasch. Dig.

From the first case on the subject contained in our state reports, Thompson v. Duncan, 1 Tex., 489, deciding the question under the act of congress in 1840, onwards to Guilford v. Love, 49 Tex., 715, and Gunter v. Fox, 51 Tex., 383, embracing in that wide interval the cases of Graham v. Vining, 2 Tex., 433; Howard v. The Republic, 2 Tex., 311; Shannon v. Taylor, 16 Tex., 413; Owen v. Shaw, 20 Tex., 81; Millican v. Millican, 24 Tex., 441, it will be seen that the courts have placed the right of the administrator to sue upon the broad ground (to quote the language of Justice Lipscomb in Graham v. Vining) " because his undertaking is to administer all the estate."

In Shannon v. Taylor, *supra*, where the question under consideration was whether the heirs were bound, under a decree to which the administrator of the estate alone was a party, Justice Wheeler cited the act of February, 1844 (Hart. Dig., art. 344), which in terms authorized the administrator to sue, and declared that the decree should vest a title as good as if it had been made by the deceased in his life-time; and he concluded by saying: " The decree was as effectual to bind them as if they had been made parties to the suit by the service of process upon them; as well by this statute as by the general principles and provisions of the laws regulating the settlement of estates." Citing Thompson v. Duncan, Graham v. Vining, Howard v. Republic, *supra*.

Chief Justice Roberts, in Guilford v. Love, *supra*, said: " It was decided at an early day, from the general authority intrusted to an administrator by the probate laws, that he could, without the heirs being joined with him, bring and defend suits for land to protect the interests of the estate."

The decision in Gunter v. Fox was made under the probate law of 1848, which had remained in force until its repeal by that of 1870. It was held in that case that a decree rendered in a suit brought by the administrator for the recovery of land was binding upon the heirs who were not parties to it. The opinion seems to rest that conclusion upon the grounds on which the doctrine was placed in the cases cited in the opinion of Thompson v. Duncan, Howard v. Republic, Graham v. Vining, and Guilford v. Love, using this language: " In view of the generally received construction given to our probate laws, as shown by the above decisions, the decree of the district court of Rusk was binding on the heirs of James E. Glasscock, though not made parties thereto."

The opinion proceeds further to remark: "It may be further added, that sec. 44 of the district court act of 1846 (Pasch. Dig., art. 1447) provides that suits for the title or possession of lands may be instituted by executors, administrators or guardians, and judgments shall be as conclusive as if rendered in favor of their testator or intestate." It is, however, apparent that the reference thus made to art. 1447 serves only to bring into stronger light the fact that that provision was not requisite to confer a right on the administrator which otherwise existed under the general probate laws, independently of such an auxiliary. If the right were derivable from art. 1447, Pasch. Dig., the court would properly have assigned its origin and its existence to that particular source; but to the contrary, it was rested where it had been placed from the first, by the earliest cases.

The brief of the appellant's counsel urges that art. 1447 has been repealed by implication by the act of 1870, and that it is not revived by the enactment of the probate law of 1876, and contends that the right of the administrator to sue in an action of this kind, without the heirs being made parties, depends upon the article above referred to.

The general rule, as has been seen, under all of our probate laws, until the enactment of the probate law of 1870, has been that the administrator is entitled to sue for land claimed by the estate without the heirs being joined; and in Rogers v. Kennard, 54 Tex., 36, which was an action of trespass to try title to land claimed to belong to an estate, the court below charged the jury that if the administration was still pending, the suit should have been brought by the administrator, and that the plaintiffs (the heirs) could not have legally instituted or prosecuted it, and that in this event they should find for the defendants. Upon this charge, the opinion of the supreme court remarks: "That this is the general rule under our probate system cannot be questioned either upon principle or authority."

Thus it is seen that the entire line of decisions on this subject not only consistently recognize this right of the administrator to sue independently of the heirs for the recovery of land in trespass to try title, but as in the last above quoted case, they do so upon the broad ground that the right springs from, and is incidental to, the general powers, duties and rights of the administrator in respect to *all* property of the estate without distinction between realty and personalty. The case of Barrett v. Barrett, 31 Tex., 344, *contra;* but overruled in Gunter v. Fox, 51 Tex., 383.

The law of 1876 being identical with that of 1848 in those respects which bear upon the question under consideration, applying the decisions of our supreme court upon the question as presented under former laws to those which now exist, we conclude that the right which is the subject of discussion clearly continues under our present laws, "as it aforetime was;" and consequently there was no error in overruling the demurrer.

The court refused the instruction to the jury asked for by the defendant, as follows: "If defendant has paid the taxes on the land since the date of his deed from A. B. Powers, and the plaintiff has not paid said taxes, then plaintiff is not entitled to anything for use and occupation, and if you should so believe, you will not say what the use and occupation of said land was worth."

The evidence showed, without conflict, that the defendants had occupied the land from the 1st day of January, 1874, and that the deed of A. H. Powers to defendant Boggess was dated the 19th day of April, 1875. Defendant Boggess proved that he had paid all taxes, state and county, on the land from the date of his purchase from Powers, April 19, 1875, and that he has been in the adverse possession of the land ever since the date of the purchase. There was evidence to show that the plaintiff had not paid taxes on the "land in controversy in Montague county" during that period. Whether it is meant by the language of the statement of facts that it was proved that the plaintiff had made no payments of taxes to tax collectors of Montague county, or that he had made no payment of taxes at all on the land in controversy situated in Montague county, is not clear. If the defendant Boggess occupied a position under the facts to claim the benefits of the statute which disables the plaintiff to claim pay for the use and occupation of the land where he fails to pay taxes, it would become necessary to construe the meaning of that equivocal expression. But the defendant Boggess cannot exclude the plaintiff from his right to so recover, except by showing that he himself has paid the taxes, not from the date of his purchase, but from the date of his occupancy of the land. According to the admissions of the defendants, they had occupied the land fourteen months and a half before the date of Boggess' purchase, and there is no pretense of payment of taxes by the defendant Boggess prior to the last named period.

Art. 5306, Pasch. Dig., provides for a forfeiture by the plaintiff, in actions of trespass to try title, or of ejectment, of "all right to pay for 'use and occupation,'" when the defendant shows his failure to pay the state taxes that have accrued on the land in contro-

versy; " provided, that the defendant, to entitle him to the benefits of this section, shall show that he has paid the taxes due on the land claimed by said defendant during his occupancy of the same."

The defendant had not brought himself within the benefits of this statute by his proof; and for the court to have given the instruction asked would probably have misled the jury to a wrong verdict, if they had followed it. It was immaterial to inquire, therefore, whether the plaintiff had paid taxes or not, the defendant not being in a condition to challenge him on account of his dereliction. The above quoted article is omitted from the Revised Statutes, and is repealed thereby.

There is no error apparent in the record, and the judgment ought to be affirmed.

AFFIRMED.

[Opinion approved May 11, 1883.]

Associate Justice STAYTON did not sit in this case.