### CANFIELD et al. v. NEWMAN et al.
### (No. 1655.)

(Court of Civil Appeals of Texas. El Paso. Oct. 23, 1924. Rehearing Denied Nov. 13, 1924.)

**1. Insurance ⬅115(1)—Heir's undivided half interest held insurable.**

Heir's undivided half interest, charged with unpaid balance of purchase-money note and covenant with vendor to insure property against loss by fire, *held* insurable interest, though less than sole fee.

**2. Insurance ⬅115(1) — Liens retained by vendors held insurable interest.**

Liens in fixed and definite amounts, retained by vendor for unpaid installments of purchase price, *held* insurable interest.

**3. Insurance ⬅115(1)—Mere equitable "title" or other qualified property may be insured; "interest."**

Mere equitable title or other qualified property in thing insured, though not fee, may be protected by insurance, "interest," not "title," which is not synonymous term, being condition of insurance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest (in Property); Title (to Property).]

**4. Insurance ⬅630 — Petition stating plaintiffs' insurable interests in property held good on general demurrer.**

Petition stating insurable interest of vendors and vendee's heirs in property insured *held* good against general demurrer.

**5. Parties ⬅88(3)—Misjoinder of parties not available on general demurrer.**

The question of misjoinder of parties may not be raised on general demurrer.

**6. Insurance ⬅646(1) — Presumption that same terms and time are contemplated by reformed policy.**

In absence of agreement to contrary, presumption, on mutual agreement to reform and modify fire insurance policy to cover additional property, and make it payable as agreed, is that reformed policy contemplates same terms and time and difference only as to matters on which parties agreed.

**7. Insurance ⬅144(1) — Reformed contract for fire policy may be entirely oral.**

Reformed and modified contract for fire policy, covering additional property and payable as therein agreed, may be entirely oral.

**8. Insurance ⬅629(2) — Completed verbal contract, modifying policy as to property covered and parties to whom payable, held sufficiently alleged.**

Petition *held* to allege completed verbal contract of insurance, modifying policy to cover additional property, and make it payable to vendor as her interest appeared.

**9. Pleading ⬅192(6)—Want of notice to insurer of interest of other parties held not ground for demurrer to petition.**

Want of notice to insurer of interest of other parties in property insured would be more matter of defense than of demurrer to petition alleging completed verbal contract, modifying policy to cover additional property, and make it payable to vendor as her interest appeared.

**10. Insurance ⬅103—Broker, failing to procure insurance as agreed, liable for resulting damages.**

Broker or agent, failing to procure insurance on another's property as agreed, with

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

view to compensation for services, will be held for resulting damages.

**11. Insurance ⬳624(1)—Vendee's heir and vendor held entitled to sue jointly for amounts due under policy issued or agreed to be issued.**

Heir of vendee, covenanting to keep property insured, and vendor, to whom reformed policy was to be made payable as her interest appeared, could sue jointly for amounts due them, as insured and beneficiary, under policy issued or agreed to be issued, if there were no administration of vendee's estate, or necessity therefor.

**12. Insurance ⬳624(1)—Application of proceeds of lots sold to debt due vendor and balance due latter held not to show that vendee's heir had no interest in property insured.**

. That property insured was destroyed by fire, lots sold and all proceeds applied to vendee's debt to vendor, and admitted statement that certain amount was due latter, *held* not to show that vendee's heir had no interest in subject-matter of suit for amounts due her and vendor, as insured and beneficiary, under policy issued or agreed to be issued.

**13. Pleading ⬳214(3) — Existence of insurance policies and proceeds as alleged in petition assumed in passing on demurrer.**

In passing on demurrer, existence of insurance policies described, and proceeds derived therefrom, as alleged in petition, must be assumed.

**14. Executors and administrators ⬳46—Vendee's administrator held proper party plaintiff to suit for amounts due vendor and vendee's heir under policy.**

Insurance policies described in petition for amounts due vendor and vendee's heir, as insured and beneficiary, under modified policy issued or agreed to be issued, *held* part of vendee's estate, as standing for property insured, and charged with debts of estate, so as to render administrator proper party plaintiff, in view of Rev. St. art. 3235.

**15. Executors and administrators ⬳86(1)— Administrator bound to collect debts due estate by suit or otherwise.**

Pending administration, administrator is entitled to all property of estate, subject to payment of its debts, and is bound to collect, by suit or otherwise, all debts due it.

**16. Descent and distribution ⬳91(1)—Heirs cannot recover property of estate in their own right, where there are creditors, administrator, or necessity for administration.**

When there are creditors or administrator of estate or necessity for administration, heirs should not be permitted to sue for and recover property of estate in their own right.

**17. Action ⬳47—Petition held not bad for misjoinder of causes of action.**

Petition, in action by vendor and vendee's heirs and administrator against insurance agents and company, for amounts due under modified policy, issued or agreed to be issued, payable to vendor as her interest appeared, *held* not bad for misjoinder of causes of action, as alleging action of tort against agents.

Appeal from El Paso County Court, at Law; J. M. Deaver, Judge.

Action by Joe Canfield and others against C. M. Newman and others. From judgment of dismissal, plaintiffs appeal. Reversed and remanded.

Julian P. Harrison and McKenzie & Loose, all of El Paso, for appellants.

S. P. Weisiger, Paul D. Thomas, and C. L. Galloway, all of El Paso, for appellees.

WALTHALL, J. Joe Canfield and wife, Kate Canfield, N. F. Adams and wife, Mollie Montgomery Adams, and Louis A. Scott, as administrator of the estate of Nettie Castile, deceased, brought this suit against C. M. Newman, C. J. Maple, and Dexter R. Maple, copartners, doing an insurance business under the firm name of Newman Investment Company, and Superior Fire Insurance Company of Pittsburgh Pa., a corporation, to recover against the insurance company, and against Newman, Maple, and Maple.

The court sustained general and special exceptions to the petition and misjoinder of parties plaintiffs, and the plaintiffs refusing to amend, the suit was dismissed, and plaintiffs appealed. The petition is lengthy, and, without quoting it at length, we will state briefly what seems to us to be issuable facts pleaded.

On the 6th day of October, 1920, plaintiffs N. F. Adams and his wife, Mollie Montgomery Adams, being the owners of the lots and dwelling house thereon and the furnishings therein, and here involved, by deed of that date and bill of sale, conveyed said property to Nettie Castile, in part consideration for which Nettie Castile executed her promissory note in the sum of $2,025, bearing interest, and providing for the payment of attorney fees in case of default, payable to Mollie Montgomery Adams, payable in monthly installments of $35, a vendor's lien being retained and expressed in the deed of conveyance and a chattel mortgage given on the personal effects, to secure the payment of said note, and a further provision that Nettie Castile should keep said dwelling house and personal property insured against loss by fire for the benefit of Mollie Montgomery Adams as her interest may appear, the amount of insurance to be not less than $1,500 on the dwelling house, and $250 on the personal effects, and further providing that on failure to procure such insurance the said note should mature; that on the 8th day of December, 1921, Nettie Castile died intestate, leaving as her sole heirs her daughter, plaintiff Kate Canfield, and her son, Hilbert Castile; that in November, 1922, plaintiff Louis A. Scott was duly

appointed and qualified as administrator of the estate of Nettie Castile, deceased, and that he is still qualified and acting as administrator of said estate now being administered in the county court of El Paso county, Tex.; that, prior to her death, Nettie Castile had paid upon said note the sum of $490; that, subsequent to the death of Nettie Castile, and prior to the appointment and qualification of Louis A. Scott as administrator of said estate, Kate Canfield assumed the payments of said promissory note to Mollie Montgomery Adams and the covenants as to the insurance mentioned, and took possession and occupied said dwelling house, and paid upon said note the installments as same became due, aggregating the amount of $492; that subsequent to the appointment and qualification of said administrator, the time not stated, Mollie Montgomery Adams filed said note with said administrator as a claim against said estate, and same was by said administrator allowed, and on March 31, 1923, paid thereon the sum of $500; that on the 3d day of April, 1923, said administrator with the approval of the probate court conveyed to Mollie Montgomery Adams the lots of land upon which the dwelling house had stood, for the sum of $400, and credited same upon said note, leaving a balance of principal on said note of $704; that the petition alleges the employment of attorneys to collect the amount due upon the note, and the agreement to pay the 10 per cent. as attorney fees alleged to be a reasonable fee; that on the 17th of February, 1922, defendant insurance company, acting through its agents, Newman, Maple, and Maple, issued to Kate Canfield the insurance policy described, and sued upon insuring the household and kitchen furniture against loss by fire in the sum of $750; that, subsequent thereto, Mollie Montgomery Adams demanded of Kate Canfield that said dwelling house be insured as provided by the covenants in said deed, bill of sale, and mortgage, as her interest may appear; that thereupon her agent, naming him, and acting also as the agent of N. F. and Mollie Montgomery Adams, took the paid issued policy to Newman, Maple, and Maple, alleged to be the authorized agents of the insurance company, who, for a valuable consideration paid, verbally agreed with the said agent to insure said dwelling house against loss by fire in the sum of $750 in favor of Mollie Montgomery Adams as her interest may appear, and alleged the verbal modification of said policy as agreed, so as to insure said dwelling instead of said furnishings; that thereupon said agent surrendered to Newman, Maple, and Maple said policy on the household furnishings who agreed to and did modify and reform said policy as agreed, and so issued same. Plaintiffs pleaded in the alternative that, if mistaken as to the agency of Newman, Maple, and Maple as alleged, then they allege that Newman, Maple, and Maple so represented themselves as agents of the insurance company, and acted within the apparent scope of such, and thereby impliedly warranted such authority; that the insurance company, with full knowledge of the facts, ratified the acts of said agents and accepted the premiums, etc., and are now estopped to deny liability upon said policy as reformed.

Plaintiffs pray that N. F. and Mollie Montgomery Adams have judgment against appellees for the balance of the principal, interest, and attorney fees due upon said note, and that Joe and Kate Canfield have judgment against appellees for any surplus due upon said modified policy.

### Opinion.

As stated above, the trial court sustained the general and several special exceptions to the petition, and the several propositions presented question the correctness of the court's ruling on the exceptions. Appellants' first, second, third, and thirteenth propositions claim error in sustaining the general exceptions of appellees. The suggestion of appellees as sustaining the court's ruling is: That, at the time of the issuance of the policy, and at the time of the institution of the suit, appellants had no interest in the property of the estate insured, and for that reason they had no right to be parties in the suit. We do not concur in the suggestion that the facts show that appellants had no insurable interest in the property destroyed by fire.

[1, 2] It is sufficiently made to appear that Adams and wife owned the property sold by them to Nettie Castile, and that in disposing of same they not only retained liens on the property, but required that the property be insured in their favor against loss by fire. True, Nettie Castile did not carry out said covenant, but Kate Canfield in inheriting the property took it charged with the same obligation as to the unpaid debts on the property and the duty to insure against loss by fire, and assumed to discharge same. We think that, while Kate Canfield took less than the sole fee in the property, the interest she had, being an undivided one-half interest, and that charged with the unpaid balance of the note and the covenant to insure against loss by fire, the interest she had was an insurable interest. We think also that the interest retained in the property by Mollie Montgomery Adams, the amounts being fixed and definite, was an insurable interest. The insurance company would be charged with the knowledge that it was insuring whatever interest appellants had in the property.

[3] It is well established in this state that a mere equitable title or other qualified property in the thing insured, though not the fee,

may be protected by insurance. As said by our Supreme Court in East Texas Fire Ins. Co. v. Crawford (Tex. Sup.) 16 S. W. 1068, quoting with approval from Hough v. Insurance Co., 29 Conn. 20, 76 Am. Dec. 581, where the assured had only an equitable interest under a parol contract of purchase, it is an interest, not a title, of which the conditions of insurance speak, and the terms "interest" and "title" are not synonymous. See, also, Springfield Fire & Marine Ins. Co. v. Republic Ins. Co. (Tex. Civ. App.) 262 S. W. 814. We are now speaking of who may insure, and what interests may be insured, and not the parties to the suit.

[4, 5] We think the facts pleaded show that both Mollie Montgomery Adams and Kate Canfield had an insurable interest in the real and personal property involved in the suit, and that the petition in stating the insurable interest of appellants in the property was good as against a general demurrer, as the question of misjoinder of parties may not be raised on general demurrer. McFadden v. Schill, 84 Tex. 77, 19 S. W. 368. The petition, however, does not allege that the interest in the property of Mollie Montgomery Adams was insured by the policy that was issued on February 17, 1922, and states no cause of action in her under that policy.

Under another count the petition alleges a verbal agreement entered into in July, 1922, between Kate Canfield and Mollie Montgomery Adams, acting by an agent named, and Newman, Maple, and Maple, alleged to be the duly authorized agents of the insurance company, by the terms of which verbal agreement for a consideration stated, insured the said dwelling house against loss by fire in an amount not exceeding $750, and agreed for themselves and the insurance company to pay the loss, if any, to Mollie Montgomery Adams, as her interest may appear, and agreed that the policy of February 17, 1922, should be, and that it was then and there reformed and modified so as to cover and insure said dwelling house and furniture therein to the extent of the amount stated, and that, in consideration of said agreement to reform and modify the said policy, their said agent surrendered said policy of February 17, 1922, to Newman, Maple, and Maple. The petition alleged that, if mistaken as to the agency of Newman, Maple and Maple, then they so represented themselves to be the agents of the insurance company, held themselves out as such agents, and made the contracts as alleged, and that the insurance company, with full knowledge of the facts ratified the acts of Newman, Maple, and Maple and accepted the premium.

[6, 7] The destruction of the property by fire within the insured period is alleged. In the absence of an agreement to the contrary a presumption follows, on a mutual agreement to reform and modify a fire insurance policy, so as to cover additional property, and to make the policy payable as agreed, that the reformed policy contemplates that the same terms and time as formerly existed should apply to the reformed policy, and should differ only as to the matters upon which the parties have agreed, such reformed and modified contract for a fire policy may be entirely oral. Ginners' Mutual Underwriters Association v. Fisher (Tex. Civ. App.) 222 S. W. 285.

[8-10] It seems to us that the petition alleges a completed verbal contract of insurance; and, while other parties are shown to have an interest in the property insured, want of notice of such interest would be more a matter of defense than of a demurrer to the facts as pleaded. In Diamond v. Duncan, 107 Tex. 256, 172 S. W. 1100, 177 S. W. 955, it is held by our Supreme Court that, where an insurance broker undertook to keep property insured and neglected to do so, he was liable for the loss. The rule stated in 18 A. L. R. 1214, seems to be well established, and is to the effect that a broker or agent, who, with a view to compensation for his services, undertakes to procure insurance on the property of another, and who fails to do so, will be held for resulting damages.

[11] We think the petition is not subject to the general demurrer. Was the petition subject to special exception, because of misjoinder of parties plaintiff; it not being made to appear that all acted together in making the application for insurance on the alleged contract, nor that the policy issued or agreed, as alleged, to be issued is in favor of all parties plaintiff? Kate Canfield and Mollie Montgomery Adams are made parties at interest in the policy agreed to be issued. The husbands of each are joined pro forma.

We think Kate Canfield and Mollie Montgomery Adams, being the insured and the beneficiary specially named in the policy agreed to be issued as alleged, and each having insurable interests in the property, could sue as joint plaintiffs, had there been no administration, or necessity for same. 13 Enc. Dig. of Texas Rep. p. 745, and authorities cited; 26 C. J. §§ 680–686; 14 R. C. L. 1425, §§ 585–587; Walton v. Phœnix Ins. Co., 162 Mo. App. 316, 141 S. W. 1138.

[12] Numerous cases hold that mortgagor and mortgagee may sue as joint plaintiffs upon such policy as is here alleged. The fact that the property insured was destroyed by fire, the lots sold, and all proceeds of the property applied to the debt; and the admitted statement that there is about $800 due Mollie Montgomery Adams, would not, we think, show that Kate Canfield had no interest in the subject-matter of the suit. The policy stands for the property destroyed, and she had as much right to have the proceeds of the policy applied to the debt as she had to have the property applied.

[13, 14] Several special exceptions on different grounds challenge the right of all parties plaintiff to bring this suit or to be parties to it other than the administrator. It is insisted by appellants that the administrator as representative of said estate has an interest in the suit, the agreed policy standing for the property destroyed by the fire, and was a proper party plaintiff with the others, and that, if the administrator did not in fact have a material interest in the suit, his presence as a party plaintiff could not have prejudiced the rights of defendants, and it was error to dismiss the whole cause of action on sustaining the special exception, but should have dismissed only the administrator.

Article 3235, R. S., provides that, where a person dies intestate, all of his estate vests immediately in his heirs at law, subject to the debts of the deceased, but, where there is an administration upon the estate, the administrator has the right of possession of the estate as it existed at the death of the intestate, and it is his duty to recover and hold possession of the estate in trust to be disposed of in accordance with law.

The note made payable to Mollie Montgomery Adams, it is alleged in the petition, was filed with and allowed by the administrator as a claim against the estate, and partly paid by the administrator, but leaving a balance of said note unpaid. It is not questioned but that an administration on said estate was necessary, and that such necessity existed at the time of filing this suit, and at the time trial was had. We think, also, that it could not be questioned that the policy or policies of insurance described in the petition and any proceeds derived therefrom, whether verbal or otherwise, if they or either existed, and, in passing upon the demurrer, we must assume they did exist, if the petition sufficiently states facts constituting a contract for insurance, was a part of the estate of Nettie Castile deceased, as they stood for and in place of the property of the estate insured, and charged with the debts of the estate.

[15] Pending administration, the administrator is entitled to all property belonging to such estate as is subject to the payment of debts of the estate, and it is his duty to collect by suit or otherwise all debts due the estate.

[16] The petition does not allege that the administrator had refused to bring this suit, nor does it allege any fact that takes the case out of the general rule that the administrator is the proper party to bring the suit. It is the settled rule in this state, and the authorities state the reason for the rule, that, when there are creditors or an administrator of an estate or necessity for administration, the heirs should not be permitted to sue for and recover property of the estate in their own right. Giddings v. Steel, 28 Tex. 733, 91 Am. Dec. 336, and the earlier cases there used. The above case has often been cited and followed by the Supreme Court of this state. Webster v. Willis, 56 Tex. 468; Rogers v. Kennard, 54 Tex. 36, where it is said that, where there is an administration pending, the heirs could not have legally instituted or prosecuted the suit. In Boggess v. Brownson, Adm'r, 59 Tex. 417, the probate laws of this state previous thereto are reviewed from act of Congress of the Republic (1640) to the act of 1870, and the cases on the subject from Thompson v. Duncan, 1 Tex. 485, and state the rule as above. To the same effect is Lawson v. Kelley, 82 Tex. 457, 17 S. W. 717, where it was contended by appellant that judgment in a suit for title to land brought against the administrator alone would not bind the heirs as to title.

[17] We are not prepared to concur in the contention of appellees that there is a misjoinder of causes of action in that the petition alleges an action of tort against Newman, Maple, and Maple.

The special exception presenting the question of misjoinder of parties plaintiff was properly sustained by the lower court.

For reasons stated, the case is reversed and remanded.

HIGGINS, J. (concurring). As I understand the main opinion, it in effect holds a cause of action arose inuring to the benefit of the estate of Nettie Castile, wherefore her administrator is the sole proper party plaintiff, and the exceptions complaining of the misjoinder of parties plaintiff were properly sustained.

Upon this holding of a right of recovery vested in the administrator, the ruling upon these exceptions becomes of no practical importance. I concur in the view that upon the facts alleged a cause of action accrued in favor of the estate of Nettie Castile, and that her administrator can maintain the suit alone. I do not, however, desire to be understood as concurring in the view that the administrator is the sole proper party. Under the peculiar facts of this case, I am of the opinion that Mrs. Canfield and Mrs. Adams were proper, though not necessary, parties. I recognize the rule that ordinarily the legal representative of a decedent's estate is the only person to sue for and recover the assets of such estate, but the rule has exceptions, and is not inflexible. Walker v. Abercrombie, 61 Tex. 69.

This is not a case of liability having its inception prior to the death of Mrs. Castile, but it originated subsequent to her death and by virtue of a contract with Mrs. Canfield respecting insurance which was to have a loss payable clause in favor of Mrs. Adams. This being the case, I think Mrs. Canfield and Mrs. Adams might properly join as nom-

inal plaintiffs at least. It was to the interest of the defendants that they be joined, so that they would be concluded by the judgment rendered. I believe the defendants would have had the right to make them parties to the suit for that purpose. I believe Mrs. Canfield and Mrs. Adams were properly joined, because they were parties to the contract of insurance. 26 C. J. 483; 33 C. J. 81; Cassidy v. Kluge, 73 Tex. 154, 12 S. W. 13; Oglesby v. Forman, 77 Tex. 647, 14 S. W. 244; Walker v. Abercrombie, supra.

I concur in the conclusion that the petition states a cause of action, and in the order reversing and remanding the case.