**Jose Hector HINOJOSA, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

**No. 8485.**

Court of Civil Appeals of Texas, Amarillo.

March 17, 1975.

Smith & Smith, R. P. Brown, Lubbock, for appellant.

Garner, Boulter, Jesko & Purdom, Thomas J. Purdom, Lubbock, for appellee.

ROBINSON, Justice.

Plaintiff appeals from a summary judgment that he take nothing. Reversed and remanded.

Alleging coverage under an insurance contract issued by defendant Allstate Insurance Company, plaintiff and named insured under the policy, Jose Hector Hinojosa, sued for $3,000 fire damage to the insured dwelling and the contents. Defendant insurance company filed a motion for summary judgment alleging that the policy in question was cancelled 6 days prior to the fire loss and also alleging that Hinojosa had sold the property in question prior to the loss and alleging that Hinojosa

therefore had no insurable interest in the property. Attached as an exhibit to the motion for summary judgment is a copy of a deed, dated approximately one month prior to the loss, from Joe Hinojosa to Pedro Flores. The deed recites as consideration $500 cash, an $8,500 note payable to Joe Hinojosa and the assumption of a $2,500 outstanding note. By the deed a vendor's lien is retained until the described note is fully paid.

Plaintiff Jose Hector Hinojosa answered the motion for summary judgment by an affidavit that he had not received a notice of cancellation of the insurance policy, thus raising a fact issue as to cancellation.

The trial court entered summary judgment on the ground that it was undisputed that plaintiff had no insurable interest in the property alleged to be damaged.

Plaintiff appeals contending that he had an insurable interest in the property as holder of the vendor's lien.

The policy in question is Form HO–B, Homeowners Broad Form. It insures a dwelling at a specified address, "while occupied by the Insured principally for dwelling purposes." It also insures unscheduled personal property "owned, worn, or used by the Insured, including members of his family of the same household and, at the option of the Insured, property of others (except roomers or tenants) while on the premises of the described dwelling."

The policy contains the following declarations of the insured:

"1. The described premises are occupied by not more than two families and not more than two roomers or boarders per family.

"2. The above premises of the described dwelling are the only premises where the named insured or spouse maintains a residence, other than business property and farms."

The defendant did not offer proof and it did not contend in its motion for summary

judgment that the dwelling in question was not occupied by the insured at the time of the loss nor did it contend that the personal property allegedly damaged in the dwelling did not belong to the insured.

The policy does not contain an express provision invalidating the policy upon any change in ownership nor does it expressly place on the named insured any duty to notify the insurance company of any change in ownership. Therefore, the cases construing such provisions do not control the case before us.

The question before us is whether by attaching the certified copy of the deed in question to his motion for summary judgment, defendant has established as a matter of law that plaintiff has no insurable interest in the property in question.

■ Generally, an insurable interest exists when the insured derives pecuniary benefit or advantage by the preservation and continued existence of the property or would sustain pecuniary loss from its destruction. Smith v. Eagle Star Insurance Co., 370 S.W.2d 448 (Tex.1963); Leggio v. Millers National Insurance Co., 398 S. W.2d 607 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.); Maryland Casualty Company v. Davenport, 323 S.W.2d 615 (Tex. Civ.App.—Amarillo 1959, no writ); 4 Appleman, Insurance Law and Practice § 2123 (Rev.Ed.1969).

In Canfield v. Newman, 265 S.W. 1052 (Tex.Civ.App.—El Paso 1924, no writ), the court held that where a vendor retains a lien for a part of the purchase money, he has an insurable interest, discussing the rule as follows:

"It is well established in this state that a mere equitable title or other qualified property in the thing insured, though not the fee, may be protected by insurance. As said by our Supreme Court in East Texas Fire Ins. Co. v. Crawford (Tex. Sup.) 16 S.W. 1068, quoting with approval from Hough v. Insurance Co., 29 Conn. 20, 76 Am.Dec. 581, where the as-

sured had only an equitable interest under a parol contract of purchase, it is an interest, not a title, of which the conditions of insurance speak, and the terms 'interest' and 'title' are not synonymous. See, also, Springfield Fire & Marine Ins. Co. v. Republic Ins. Co. (Tex.Civ.App.) 262 S.W. 814."

■ By filing its motion for summary judgment, defendant assumed the burden of establishing by that motion that as a matter of law there was no genuine issue of material fact as to at least one essential element of plaintiff's cause of action. Rule 166–A, Texas Rules of Civil Procedure; Gaddis v. Smith, 417 S.W.2d 577, 582 (Tex.1967). The question on appeal, as well as in the trial court, is whether defendant sustained that burden. Odom v. Insurance Company of State of Penn., 455 S.W.2d 195, 198 (Tex.1970). The general rules in this respect were discussed in Farley v. Prudential Insurance Company, 480 S.W.2d 176, 178 (Tex.1972) as follows:

"The burden of proof is on the movant, and all doubts as to the existence of a genuine issue of material fact are resolved against him. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true."

The summary judgment sought should be granted, and if granted, should be affirmed on appeal, only if the summary judgment record establishes a right thereto as a matter of law. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970).

■ We conclude that defendant appellee has failed to establish that as a matter of law plaintiff had no insurable interest in the property in question. After examining the record which was before the trial court, we do not find that the summary judgment can be supported on any other grounds.

Accordingly, the judgment of the trial court is reversed and remanded.