## Zacharie, Executrix, v. Waldrom et al.

(Case No. 916.)

1. Parties — Statute construed.— Under the statute of 1876 pertaining to the powers and duties of executors and administrators, the same rule obtained in regard to the heirs joining in a suit involving title to land that did under the act of 1848. Neither act required it.

Appeal from Freestone county.

*Thos. G. Jones* and *Albert N. Mills,* for appellant.

Bonner, Associate Justice.— The original petition in this case was one of trespass to try title for certain lands therein described, brought by appellant, Mrs. Zacharie, as the executrix of her deceased husband, against appellee Waldrom.

By amended petition it was alleged that the testator had in his life-time contracted to sell and convey by his title bond to one Satterwhite the lands, for the consideration of the execution and delivery by him of three promissory notes maturing at different times thereafter, none of which except a small sum had ever been paid. That after two

of the notes had matured, Satterwhite conveyed the title bond and land to Waldrom, who bought with full notice that the purchase money had not been paid, and that the legal and superior title remained in the estate of Zacharie. The death and insolvency of Satterwhite were alleged and his administrator made a party. The amended petition prayed that in the event the executrix was not entitled to recover the land, that she have judgment against the estate of Satterwhite for the notes, and for lien on the land for its payment. A special exception to the original and amended petition was taken and sustained, on the ground that the heirs of the deceased Zacharie were not made parties plaintiff. Mrs. Zacharie refusing to amend, the cause was dismissed. She appeals and assigns this judgment as error.

We think the assignment of error well taken.

At the date of the judgment the statute of 1876 pertaining to estates of deceased persons (Laws 15th Leg.) was in force. This statute, as regards the powers and duties of executors and administrators, was substantially the same as that of 1848, under which, by repeated decisions of this court, the heirs of the deceased were not required to be joined with the executor or administrator, in suits involving the title to lands. Gunter v. Fox, 51 Tex., 383, and authorities.

But if it be conceded that this as originally brought was such suit, as amended, it was one in the alternative for judgment on the notes and decree enforcing the lien. To this extent, and for the purposes of this relief, it would not be embraced within the terms of the statute at one time in force, which required the heirs to be joined with the executor or administrator in suits involving the title to land

REVERSED AND REMANDED.

[Opinion delivered January 18, 1882.]