EDWARD RUDD, vs. M. T. JOHNSON, Jr., et. al.

COURT COMMISSIONERS OF APPEALS, AUSTIN TERM, 1883.

*Administration—Community property.*—-A judgment rendered against the surviving husband's administrator does not bar a suit by the heirs of the deceased wife seeking to recover her community interest.

Appeal from the District Court of Tarrant County.

*Smith and James*, for appellants.

*Jas. H. Field*, for appellee.

For statement reference is here made to the printed brief of appellants' counsel.

Opinion by Watts.

Two questions are presented by the record for determination.

1st. Does the judgment rendered in the case of Tinsley vs. Brinson administrator &c., constitute a bar to the suit by the heirs of Mrs. Johnson, who sued for her community interest ?

2nd. Does the facts asserted by the answer of the appellant Rudd, show that the land in controversy was the community property of Blackwell and wife. Sarah E. Tinsley joined by her husband brought suit as sole heir of her mother, Rebecca Blackwell, against M. T. Brinson, as administrator of M. T. Johnson Sr., deceased, claiming an undivided one half interest in the 640 acres of land, a portion of which it now in controversy, as the community interest of the mother, Rebecca Blackwell.

The judgment in that cause was rendered at the November Term 1868, of the District Court of Tarrant County, adjudging that the Mrs. Tinsley was entitled to an undivided one half interest in the survey, and also decreed a partition, which was subsequently completed by allotting to Johnson's estate the north half of the survey, and to Mrs. Tinsley the south half. Mrs. Vienna Johnson, the mother of the appellees, died before her husband, M. T. Johnson Sr., and these children were not made parties to that suit.

Chief Justice Roberts in Guilford vs. Love, 49 Texas 733, said : "It was decided at an early day that from the general authority intrusted to an administrator by the Probate laws, he could, without the heirs being joined with him, bring and defend suits for land to protect the interest of the estate."

The court in Gunter vs. Fox, 51 Texas 388, discussing the case of

Barrett vs. Barrett, 31 Texas 344, said : "So much of that opinion which holds that it was impossible for the court to adjudicate upon the title without making the heirs at law of the intestate, upon the whom the descent had been cast, parties, when applied, at least, to a suit in which the administrator is plaintiff, seems to be in conflict with the above, and, we think, better considered cases." It is said in Zacharie vs. Waldron, 56 Texas 117, at the date of the judgment the Statute of 1876 pertaining to estates of deceased persons was in force. This Statute as regards the powers and duties of Executors and Administrators, was substantially the same as that of 1848, under which by repeated decisions of this court, the heirs of the deceased were not required to be joined with the Executor or Administrator in suits involving title to lands. While this may be accepted as the settled rule, it by no means determines the question under consideration; the appellee against whom the rule is invoked, are not suing as the heirs of M. T. Johnson Sr., against whose administrator the judgment in favor of Mrs. Tinsley was rendered, but are suing as the heirs of Mrs Nienna Johnson to recover her community interest in the land. It is insisted however that as the administrator of the deceased husband has the authority as such to administer upon the whole community property, and use it in the payment of community debts, that therefore the rule announced in the above cited cases, would apply with equal force to the heirs of the deceased wife claiming as such, as to the heirs of the deceased husband whose estate is represented by the administrator.

In Thompson vs. Cragg, 25 Texas 595, it was held that a decree of the district court against certain children, as the heirs of their deceased father, for specific performance of a bond for title, given by the father after the death of his wife for title to community lands, did not effect the interest which the defendents have in the land, as heirs of their mother.

It may be conceded that the administrator of the deceased husband's estate, would have the authority to maintain suits, to recover and reduce to possession the whole community estate for the purposes of administration, to the extent of paying the community debts, without the necessity of joining with him either the heirs of the deceased wife or husband. But he is not the representative of the heirs of the deceased wife, to that extent that a judgment against him recovering lands belonging to the community, would constitute

a bar, to a suit by such heirs for the community interest of their mother. Upon the death of the wife the marital partnership is dissolved and the community estate immediately vests one half in the husband, and the other half in the heirs of the deceased wife. This property however thus descends burthened with the community debs. And after the death of the wife the husband may sell it for the purpose of paying these community debts. That is the full extent of his authority over it without first qualifying as survivor in community. Suppose that after the death of the wife suit should be brought and judgment recovered against the husband alone for lands belonging to the community, when he had not qualified as survivor, it is not believed that such judgment would bar a recovery, by the heirs of the deceased wife for her community interest in such land. And we are unable to preceive why the power and authority of the husband's administrator, in this respect, should be considered more extensive, than that of the husband during his life.

We conclude that the judgment in the case of Tinsley vs. Brinson administrator &c., did not constitute a bar to this action brought by the heirs of Mrs. Vienna Johnson.

And that the court below did not err in sustaining appellees demurrers to that plea.

The answer asserting title in appellant to the land by reason of the community right of Rebecca Blackwell, and mean conveyances from her sole heir, Mrs. Tinsley, down to appellant, is sufficient, if true, to show title in the appellant to that community interest, unless defeated by some independent matter asserted and established by appellees.

That part of the answer shows that Blackwell and wife immigrated to, settled in Peters Colony on the land in controversy prior to 1848, and that Mrs. Blackwell died in 1849, and that Blackwell secured a certificate for 640 acres of land as the head of a family, by reason of that settlement in the Colony, which certificate was issued to him in December 1850, that the same was located upon the land in controversy and was sold and transferred to M. T. Johnson by Blackwell. That under such facts and circumstances the property belonged to the community, and not the separate property of Blackwell is fully settled, in the case of Hodge vs. Donald, 55 Texas 344, and that decission was approved in the case of Porter vs. Chronister decided at the last Tyler Term. We conclude that the court erred

in sustaining appellees demurres to this portion of appellant's answer. The principles of law and equity governing the rights of parties in the partition of lands, are so well settled that there is no necessity to disguss them in this connection.

We report that the judgment of the court below ought to be reversed and the cause remanded.

JUNE 26th, 1883.

Report of Commissioners of Appeals examined their opinion adopted and the judgment reversed and the cause remanded.

WILLIE, C. J.