THOMAS F. LAWSON v. W. S. KELLEY.

No. 6814.

1. **Administrator—Suits for Land.**—It has been the settled rule of our Supreme Court to construe the probate laws of this State existing up to 1870 as conferring by its general effect the right on the administrator to bring and defend all suits concerning the property of the estate.

2. **Same—Cases Discussed.**—Thompson v. Duncan, 1 Texas, 487; Howard, Administrator, v. The Republic, 2 Texas, 312; Graham v. Vining, Id., 439; Ottenhouse

v. Burleson, 11 Texas, 87; Gunter v. Fox, 51 Texas, 386; Boggess v. Brownson, 59 Texas, 420, discussed and adhered to.

3.   Case in Judgment.—Suit by holder of title under heirs; defense, a decree in a suit in District Court rendered in 1868, the administrator being party; the heirs were not parties.   *Held*, that the decree against the administrator divested title from the heirs.

4.   Administration of Community Property. — The husband died leaving a widow.   Administration was had in lifetime of the widow.   *Held*, that her subsequent death did not divest the administration of the husband of jurisdiction over the community property.

APPEAL from Tom Green.     Tried below before Hon. J. C. RANDOLPH.

This is an action in trespass to try title for an undivided half of a section of land.   Answer, not guilty.

The evidence shows the plaintiff claimed an undivided half of the land through conveyance of the heirs of Jonathan S. and Cynthia Brown, his wife, both deceased.     Plaintiff admitted that defendant owns the other undivided half through sale made by the administrator of Jonathan S. Brown, deceased.     The defendant under the evidence claims all the land under a decree of a District Court against the administrator of Jonathan S. Brown, deceased.     The decree and papers in that case show that the heirs of Jonathan S. and Cynthia Brown were not parties to the decree.     The evidence shows plaintiff's title to be:

1.     Patent to Southern Pacific Railway Company.

2.     Deed of assignment from Southern Pacific Railway Company to Pope, Hall & Scott.

3.     Deed from Pope, Hall & Scott to Jonathan S. Brown.

4.     Deed of heirs of Jonathan S. and Cynthia Brown, his wife, both deceased, and mesne conveyances to plaintiff for an undivided half of the land.

The evidence shows defendant's title is:

1, 2, and 3.     Links of the title as given by plaintiff.

4.     Deed from administrator of Jonathan S. Brown and mesne conveyances to defendant for an undivided half of the land.

5.     A decree for the whole of the land by District Court of Harrison County, on July 27, 1868, in a suit for title and partition by James E. Brown v. Wm. Umdenstock, administrator of Jonathan S. Brown, deceased, the file of court papers in the suit being put in evidence with the decree.

6.     Mesne conveyances from and under said decree to defendants.

Jonathan S. Brown died, and administration was opened on his estate before the death of his wife Cynthia.

The petition of James E. Brown in the suit in which the decree above mentioned was rendered alleged that the land was the partnership property of the firm of J. E. & J. S. Brown, and that petitioner was

a member of the firm and entitled to half of the land.   He prayed for partition, and offered to pay one-half of the debts of the estate of Jonathan S. Brown, deceased.   The land involved in the suit was thirty-two sections granted by the State to the Southern Pacific Railway Company. Four hundred sections had been conveyed by the company to Pope, Hall & Scott, as trustees, for the sole use and benefit of a number of creditors, whose names and the amounts due each were in a schedule attached to the deed, and in proportion to the amounts due each of them.

On the schedule of beneficiary creditors appeared, "J. E. & J. S. Brown 42,406.36."   Said Pope, Hall & Scott conveyed thirty-two of said 400 sections of the land conveyed to them to J. S. Brown, reciting in the deed the conveyance to them by the Southern Pacific Railway Company, and that it was "in trust for the benefit of certain persons named in schedule A attached to said deed, among whom J. E. & J. S. Brown are parties named and interested therein; and whereas, we the said trustees have received a large amount of said lands, for which patents have been issued by the said State of Texas, which patents have been distributed by lot among the various parties interested therein under the deed aforesaid; and whereas, in said distribution the following among other patents fell to the lot of the said J. E. & J. S. Brown, who have instructed us by their written order to execute a deed of conveyance to Jonathan S. Brown to the following sections of said land," etc.

The administrator agreed in writing that James E. Brown should have a decree for half of the land, and on this agreement the court partitioned and gave plaintiff sixteen sections thereof; and the decree recited that plaintiff should pay one-half of the firm debts.

Administration on estate of Jonathan S. Brown was first granted his widow.   She died, and one Sophia Jilson was appointed administratrix de bonis non, and was removed, and William Umdenstock appointed administrator de bonis non.

The plaintiff excepted to the introduction in evidence of the decree and file papers therewith; in substance, because irrelevant and incompetent; because they show that the administrator was sole defendant, and the evidence shows the children, minors, of Jonathan S. and Cynthia Brown, his wife, both deceased, were not parties; and the decree in no way affected their title as heirs, or the title of plaintiff, who claims by mesne conveyances under said heirs, and said decree is a nullity as to plaintiff.

The court, holding that the decree passed title to the land as against the heirs, accordingly instructed a verdict for defendant.

Appellant has assigned errors as follows:

1.   The court erred in overruling the plaintiff's exception to the admissibility and competency in evidence of the decree from the District

Court of Harrison County, Texas, in favor of J. E. Brown against the administrator of Jonathan S. Brown.   The legal title to the land—the undivided one-half involved in suit—was in plaintiff by regular chain of deeds under and through the heirs of J. S. Brown and Cynthia, his wife; and as to plaintiff, the said decree of the District Court was a nullity, because it was a decree for land and the title thereto and of partition in favor of a plaintiff who had no written evidence of any title or claim to title; and the decree was rendered on an agreement thereto by the administrator of the estate of J. S. Brown, who was the sole defendant; and the heirs of J. S. Brown and Cynthia, his wife, both then deceased, were minors, and not parties to the suit, and the legal title then in said heirs, by descent, is held by plaintiff unaffected by said decree.

2.   The court erred in charging the jury to find for the defendant; said charge, in connection with the evidence, being in effect that the decree of the District Court of Harrison County in cause No. 5055 passed the title of the land as against the heirs of J. S. Brown and his wife, both then deceased, when said heirs were not parties to the suit, and the sole defendant was the administrator of the estate of J. S. Brown; and the plaintiff in said suit had shown neither title nor any written evidence of title or for conveyance of title, and the decree was as by consent; the administrator, the sole defendant, and said decree and the file in the cause so show.

3.   The court erred in admitting the decree in cause No. 5055, of the District Court of Harrison County, and in charging the jury .to find for defendant, because there was no administration on the estate of Cynthia Brown, and the lands decreed were community property of J. S. Brown and herself, and her heirs were not parties to the decree.

[This statement accompanied the opinion.]

*G. E. Mann*, for appellant.—As at common law, so by the statutes of Texas, the lands of an intestate vest upon his death in the heirs.   In Texas the heirs take the land subject only to sale through Probate Court to pay debts, and the heirs can not be divested of title in a suit against the administrator to which they are not parties, except in the one statutory exception of where the plaintiffs hold the intestate's written obligation for title.   Pasch. Dig., arts. 1396, 1443, 1373, 3419, 1313, 1319, 1367, 1357, 1447, 1449, 5698; Hart. Dig., arts. 774, 1221; Rev. Stats., arts. 1201, 1202; Wise v. O'Malley, 60 Texas, 589; Newland v. Holland, 45 Texas, 588; Lewis v. Ames, 44 Texas, 346; Barrett v. Barrett, 31 Texas, 344; Loller v. Frost, 38 Texas, 208; Johnson v. Harrison, 48 Texas, 268; Black v. Black, 62 Texas, 298; Morrison v. Loftin, 44 Texas, 23; Walker v. Abercrombie, 61 Texas, 69; Rutherford v. Stamper, 60 Texas, 449; Hollis v. Dashiell, 52 Texas, 192; Guilford v. Love,

49 Texas, 719; Gunter v. Fox, 51 Texas, 386; Read v. Allen, 56 Texas, 193; Burleson v. Burleson, 28 Texas, 417; Withers v. Patterson, 27 Texas, 493; Boggess v. Brownson, 59 Texas, 421; Zacharie v. Waldrom, 56 Texas, 116; Shannon v. Taylor, 16 Texas, 415; Blair v. Cisneros, 10 Texas, 41; Lynch v. Baxter, 4 Texas, 445; Alexander v. Maverick, 18 Texas, 196; Murchison v. White, 54 Texas, 78; Rogers v. Kennard, 54 Texas, 44.

*Fisher & Ward, Joseph Spence, A. Pope,* and *John C. Townes,* for appellee.—1. The heir does not take from the ancestor by purchase, but by operation of law. He has no vested right in the estate of the ancestor independent of the statute of descent and distribution. The Legislature may change at will the parties who are to inherit the property of the ancestor, and the estate therein which they will severally take, and may also provide when and under what circumstances the title shall vest in the heir, and when his right of possession shall begin. The law of Texas from the date of her independence up to the adoption of the probate law of 1870 constituted the estate of a decedent, at least the portion of it subject to execution, primarily a trust fund for the benefit of his creditors. The administrator was the representative of this fund in its entirety, including both real and personal property. His duty required him to take possession, control, and care of the whole fund, for the benefit of creditors, and paid all of the estate in trust for them until the extent of their claims against it was known. While the title descended and vested in the heir, it passed subject to the rights of the administrator as the representative of the trust fund, and the beneficial interest in him in reality attached only to the residue after administration. So that in suits instituted in 1867 to try the title to or partition real estate, the administrator represented the entire fund, first, as trustee for the creditors to the extent of their interest; second, as trustee for the heirs as to the residuum; and he alone was a necessary party defendant. Thompson v. Duncan, 1 Texas, 487; Howard, Admr., v. Republic, 2 Texas, 312, 313; Graham v. Vining, 2 Texas, 439; Ottenhouse v. Burleson, 11 Texas, 88; Shannon v. Taylor, 16 Texas, 415; Owen v. Shaw, 20 Texas, 81; Millican v. Millican, 24 Texas, 440, 441; Guilford v. Love, 49 Texas, 733; Gunther v. Fox, 51 Texas, 389; Zacharie v. Waldrom, 56 Texas, 117; Boggess v. Brownson, 59 Texas, 420; Howard v. Johnson, 69 Texas, 658; 2 Blacks. Com., ch. 14 of Title by Descent, par. 200.

GARRETT, PRESIDING JUDGE, *Section B.*—The first and second assignments of error present the question relied on by the appellant for a reversal of this case: Did the decree of the District Court of Harrison County in cause No. 5055, wherein James E. Brown was plaintiff

and Wm. Umdenstock, as administrator of the estate of Jonathan S. Brown, deceased, was the sole defendant, convey title to the land as against the heirs of Jonathan S. Brown, who were not parties to the suit?

Counsel for appellant earnestly contends, in a very able brief and written argument, that under the law as it existed at the time the decree was made, judgment in a suit for the title to land brought against the administrator alone without making the heirs parties thereto would not bind the heirs as to title; and would only determine the right of the administrator to possession for the purposes of administration. He reviews the decisions relied on in support of the validity of such a decree, and pronounces them either obiter dicta, or as inapplicable to this case by reason of the proceeding being under the statute authorizing such suits.   We have given the question very careful study, and must confess that it is not without considerable difficulty.   The case of Barrett v. Barrett, 31 Texas, 344, which held the heirs to be necessary parties to such a suit, has been overruled in express terms by the opinion in the case of Gunter v. Fox, 51 Texas, 386, and in Boggess v. Brownson, 59 Texas, 420; but in Gunter v. Fox, and also in Boggess v. Brownson, the administrator was plaintiff, and there was a statute authorizing him to sue, hence the authority of those cases is denied. So also the cases of Guilford v. Love, 49 Texas, 730; Morales v. Fisk, 66 Texas, 194, and other cases, may be distinguished in the same way. It is contended that by operation of the statute the land in controversy on the death of J. S. Brown descended and vested in his heirs subject to administration, and that whatever right the administrator had to the land must be found to be conferred by the statute, since at common law real estate did not go into the hands of the administrator, but descended to the heirs; that the right of the administrator is only a qualified interest for the purposes of administration.

But from a review of all the decisions it seems that it has been the settled rule of our Supreme Court to construe the probate law of this State, as it existed up to 1870, as conferring by its general effect the right on the administrator to bring and defend all suits concerning the property of the estate.   Thompson v. Duncan, 1 Texas, 487; Howard, Admr., v. The Republic, 2 Texas, 312; Graham v. Vining, Id., 439. These decisions just cited were made before the Act of 1848, which was the first statutory authority for suit by the administrator.   They have been followed by a continuous line of decisions, which have cited them as authority, and reiterated from time to time the rule therein announced.   In the case of Ottenhouse v. Burleson, 11 Texas, 87, brought after the passage of the probate law of 1848, which authorized the administrator to sue, it was held by a majority of the court that the heirs need not be made parties defendant with the administrator.   That was

an action for specific performance, but not upon a bond for title or other written obligation for a conveyance of the land; it was upon a verbal sale, followed by improvements, and the decision recognized the general authority of the administrator under our probate system to defend suits brought for the lands belonging to the estate.

While the expressions in the later decisions of the Supreme Court may not have been called for by the facts of the cases before them, yet under the earlier decisions the doctrine assailed is held to be the policy of the law, reached from a consideration of the probate system as a whole. As the law was prior to 1848 the administrator had no more right to sue than to defend; yet in Howard, Administrator, v. Republic this language is used: "The act of the administrator is not for his own advantage, but for the benefit of the heirs of the deceased. Having the care and control of the entire estate, it would seem to be his peculiar duty to prosecute and defend suits in which the succession is interested during the continuance of the trust he has assumed." The right alone to recover possession of the land for the purposes of administration could not have been in the mind of the court, for possession without title would be of little value where lands are to be administered and sold for the payment of debts.

If it were presented to us as an original question we might be disposed to take a different view; but there is a line of decisions, although most of them not strictly authority, adopting a rule of law under which property rights have accrued, and it is too late now to change to a new rule, although it might be a more logical one. The question is now fully settled by the statute. Rev. Stats., arts. 1201, 1202. When the decree of the District Court of Harrison County was rendered the cases of Graham v. Vining, Howard, Administrator, v. Republic, and Thompson v. Duncan, and other cases to the same effect, had already announced the rule that the heirs were not necessary parties to a suit brought by or against an administrator concerning land belonging to the estate. We are of the opinion that the decree was binding on the heirs of J. S. Brown.

Appellant cites the case of Rudd v. Johnson, 60 Texas, 91, in support of his third assignment of error, that the community interest of Mrs. Cynthia Brown did not pass by the decree. It will be observed that in the case of Rudd v. Johnson, the wife, owning a community interest in the land, died some time prior to the death of her husband, and there was no administration until his death and none on her estate. In the case before us the land was already in the course of administration as the community estate of the husband and wife when Mrs. Brown died; it had been inventoried as community property of the estate of J. S. Brown and his surviving wife, and was subject to administration as such; and the death of Mrs. Brown would not have the effect to

withdraw it from the administration. The community interest of Mrs. Cynthia Brown also passed by the decree, and the judgment of the court below should be in all things affirmed.

We report the case for affirmance.

*Affirmed.*

Adopted December 8, 1891.

Judge FISHER, having been of counsel, did not sit in this case.

A motion for rehearing was refused.