BOESE et al. v. PARKHILL et al.
(No. 7253.)

(Court of Civil Appeals of Texas. Galveston. March 7, 1917. On Motion for Rehearing, Jan. 9, 1918. Second Rehearing Denied Feb. 4, 1918.)

1. APPEAL AND ERROR ⊙⇒139—PARTIES ENTITLED TO APPEAL—NOMINAL PARTY.

A husband having no interest in the subject-matter, being joined with his wife to meet the requirements of law that in suits by a married woman the husband shall be joined, is only a nominal party, and where he alone executes an appeal bond the appeal will not be considered.

On Motion for Rehearing.

2. JUDGMENT ⊙⇒688—BETWEEN SAME PARTIES—RES JUDICATA.

In suit by an only son of deceased's first wife against the administrator of deceased's estate, deceased's third and surviving wife, and all the children of his second and third wives, to recover such part of the estate as belongs to his deceased mother, decree setting aside to such son one-fourth of the property and to the administrator and the other defendants the other three-fourths will be held to have no other effect than to partition the interest of the son from the interest belonging to the estate of deceased; there being no adjudication of the rights of defendants as between themselves.

3. PARTITION ⊙⇒77(1) — JURISDICTION—SUIT BY ADMINISTRATOR.

The district court had jurisdiction of a suit by an administrator with will annexed to have partitioned and set aside to the estate for purpose of administration, as against children of deceased's second wife, the interest of the estate in certain land, and authority to render decree establishing the interest of the parties, decreeing the land incapable of partition, and ordering it sold by a special commissioner, in view of Rev. St. 1911, art. 1836, providing that suits for possession of lands may be instituted by executors or administrators in like manner as they could have been by their testator or intestate, and the judgment rendered therein shall be as conclusive as if rendered in favor of or against such testator or intestate, and article 6111, providing that if the court is of the opinion that a fair and equitable division cannot be made it shall order a sale, etc.

4. PARTITION ⊙⇒48—SUIT BY ADMINISTRATOR—PARTIES.

In view of Rev. St. 1911, art. 1836, it was not necessary, in suit by administrator with will annexed to partition land of the estate in which children of deceased's second wife had a certain interest, to make the children of deceased's third and surviving wife parties, to bind them by decree entered; heirs not being necessary parties in suits by administrator of an estate in which they have an interest.

5. ADVERSE POSSESSION ⊙⇒41—SUFFICIENCY UNDER TEN-YEAR STATUTE.

Where commissioner, pursuant to decree in partition suit, conveyed land by deed dated December 11, 1896, and the grantee who took immediate possession and those holding under him down to and including defendant have had continued adverse and uninterrupted possession of the land, using and cultivating the same from the date of purchase until November 9, 1914, defendant would have title under ten-year statute.

Appeal from District Court, Burleson County; Ed R. Sinks, Judge.

Suit by Ethel Boese and others against Nettie Massey Parkhill and others. From decree rendered, plaintiffs appeal. Affirmed.

M. G. Cox, of Cameron, and Thos. C. Hall, of Temple, for appellants. R. J. Alexander and W. M. Hilliard, both of Caldwell, for appellees.

LANE, J. For a better understanding of the opinion to follow, we at the outset deem it advisable to make a statement of the nature of the case and the proceedings of the trial thereof as follows:

One H. H. Massey, under whose will appellants claim their right to recover in this suit, was married three times. His first wife was named Jane, by whom he had one child, to wit, James F. Massey. The name of his second wife was "Frances," by whom he had seven children—Mack, Homan, Cassandra, Gus, Eugene, George, and Andrew. His third wife was named Fannie, by whom he had three children—Ruth, Ethel, and Mart; the last three known in these proceedings as the "young set." On the 25th day of October, 1894, said H. H. Massey died and left surviving him his third and last wife, Fannie, the mother of Ruth, who married Claude Vinton; Ethel, who married R. L. Boese; and Mart. All his children hereinbefore named also survived him. He left a will, in which is to be found the following:

"All my last debts and funeral expenses shall first by my executors hereinafter named be paid out of my estate as soon after my deceased has shall by them be found conviant.

"I give, devise and bequeath to my beloved sune James Massey, five dollars of my estate, and all so my interest in my land estate in Missipuy. I want to presant wife to hav her part intrust in my undervided half of my old homestead. Jim to have 5.00 and my intrust in Miss. The young set to have in thare mothers intrust in my homestead the balance of my real estat to go to my decease wife, F. E. Massey, children to be rented and kept together until Gus and Baby becomes of age then to be equally divided between F. E. Massey's children, and I want the Ned Hill place to be equally divided between Mack, Homan, Cassey and Gus, and I want Gene to cultivate the Hill place, and take care of the four children, and to take charg of all my 6 head of horses, wagon, bugga, farm implements and household goods. I want Faney children by me to have three cows and calves and also a reasonable suply of corn and meat for tulve month suply. I want Gene to make deed to Lexington place if the negro comes with paymen in Oct. which 47.00 too notes, 50.00 each, due 1895 and 1896, this to fill contract I made. If payment is not made in Oct. 1894 to be nul and void, then then I want it to be rented for the suport of Myne and F. E. Masseys children and want the balance of my cattle to be kept on the place for the suport of family $387.00 to be pad Gene Massey, then the Millard place to want the Cort to make Gene a deed to 40 acres none as the Mialard place, of which the money to go to mine and F. E. Massey children."

At the time of his death, said H. H. Massey was purported to be the owner of some property in Mississippi, and five tracts of land in Texas, a lot in the town of Lexington, and some personal property. Some of this property, however, belonged to the community of one marriage, and some to another; none,

however, to the third marriage, so far as the record discloses.

The will of H. H. Massey was duly probated, and M. L. Womack qualified as administrator of the estate of said Massey with the will annexed.

James Massey, son of the first wife, refused to accept under the will of his father, H. H. Massey, and brought suit in the district court of Burleson county against M. L. Womack, administrator, Fannie Massey, the third wife of H. H. Massey, deceased, and all the children of the second and third marriages for such portion of the entire estate, real and personal, held by his father at the time of his death, as belonged to the estate of his mother, Jane, the first wife of said H. H. Massey. This suit was styled James F. Massey v. M. L. Womack et al., No. 2547, and is referred to hereinafter as suit No. 2547. A decree was entered in said suit No. 2547, on the 20th day of November, 1895, adjudging to James F. Massey one-fourth of all of said property, and to the administrator, Womack, and the other defendants, as heirs of H. H. Massey, deceased, the remaining three-fourths of said property. The court also appointed commissioners to partition said property in accordance with said decree, setting aside to James Massey a specific one-fourth thereof, and to the defendants Womack and others in bulk the remaining three-fourths thereof. Thereafter said commissioners made partition of said land and made their report of said partition to the court, which was by the court approved. In the decree approving said report the following language appears:

"And it further appearing to the court that said commissioners have set apart to the defendant heirs the 178½ acres, a part of the S. C. Robertson league, 40 acres, a part of the N. W. Thornton survey, and 160 acres, a part of the Edward Hill survey, all in Burleson county, Tex., it is therefore ordered, adjudged, and decreed that all of the rights, title, and interest of the said James F. Massey in and to that property so set apart to the defendants be and the same is hereby divested out of him and vested in the defendants forever," etc.

This judgment became final and has never been appealed from, nor otherwise vacated.

Thereafter, and while M. L. Womack was administering the estate of said H. H. Massey, as such administrator, joined by James Massey, guardian of the minors, Mack Massey, Homan Massey, Gus Massey, and Cassandra Massey, four of the children of Frances, the second wife of H. H. Massey, brought suit in the district court of Burleson county against Eugene, George, and Andrew Massey, three other children of said second wife, for a partition of the 178½ acres of land in controversy in this suit. This suit was styled M. L. Womack et al. v. Eugene Massey et al., No. 2596, and will be referred to hereinafter as suit No. 2596. It is alleged in the petition in said suit No. 2596 that the estate of H. H. Massey was the owner of a one-half undivided interest in said 178½ acres

of land and that the other parties, plaintiffs and defendants, were the owners of the other one-half thereof; each owning an equal portion thereof. The suit was for partition of said 178½ acres and for commissioners of partition. The court sustained the allegations of the petition, and relief as prayed for upon a finding that said land was the community property of H. H. Massey, deceased, and his second wife, and therefore one-half undivided interest therein was in the possession of M. L. Womack, as administrator of the estate of H. H. Massey, and that the other one-half was owned by the children of the second wife, who were parties to said suit. Judgment was accordingly rendered, and commissioners of partition appointed to partition the land, who later reported that said land was incapable of fair and equitable partition in kind. Said report was approved, and later one E. B. Bell was appointed special commissioner to sell said land for the purpose of making a partition of the proceeds arising from such sale among those entitled thereto. The land was sold by Bell on the 11th day of December, 1896, to one G. W. Price for $1,000. Bell made a report of such sale to the court, which was by the court approved, and upon proper orders of the court Bell, as such special commissioner, by proper deed, conveyed the land to G. W. Price. The proceeds of such sale were distributed in accordance with the decree of the court, one-half thereof being paid to M. L. Womack, as administrator of the estate of H. H. Massey.

On the 23d day of March, 1898, M. L. Womack, administrator, filed his final account and showing in the probate court of Burleson county and asked for his discharge, and on the 20th day of August, 1898, the court approved said final account and showing, discharged the administrator, and closed the administration of said estate.

It may be here stated that the only answer filed by defendants in suit No. 2547, James Massey v. M. L. Womack, Administrator, et al., was a general demurrer, and that there was no answer filed in suit No. 2596, so far as shown by the record.

Mrs. Fannie Massey, the third and last wife of H. H. Massey, deceased, the mother of plaintiffs Ethel Boese, Ruth Vinton, and Mart Massey, was put in possession of 100 acres out of the 160 acres of land, a part of the Ed Hill survey, owned and occupied by said Massey and family, at the time of his death, as the homestead of herself and children. She was also paid out of the effects of the estate of H. H. Massey the sum of $350, together with other property delivered to her. Mrs. Fannie Massey resided upon her said homestead within a few miles of the tract of land in controversy in December, 1896, at the time Special Commissioner Bell sold and conveyed said land to G. W. Price, and continued to so reside until her death in 1902.

G. W. Price had his said deed recorded shortly after his purchase in December, 1896, and he and those holding under him, down to and including the present owner, O. V. Massey, have since said purchase held and used the same continuously to the date of this suit, on November 19, 1914, and have paid all taxes due thereon. Whatever title G. W. Price had to the land in controversy passed by mesne conveyances to, and is now in, appellee O. V. Massey.

On November 19, 1914, appellants Mart Massey, Ruth Massey Vinton, joined pro forma by her husband, Claude Vinton, and Ethel Massey Boese, joined pro forma by her husband, R. L. Boese, brought this suit against O. V. Massey, the present owner of the land in controversy, and others not necessary to mention, to recover a one-half undivided interest therein, upon the theory: That by the terms of the will of H. H. Massey, deceased, one-half undivided interest therein passed to their mother, Fannie Massey, during her life, and that by the terms of said will the fee to said one-half interest passed to plaintiffs herein Ruth Vinton, Ethel Boese, and Mart Massey. That in cause No. 2547 the court construed the will of said Massey as now construed by plaintiffs, and by a decree in said cause adjudged one-half of the land in question to be the property of plaintiffs. That M. L. Womack, administrator of the estate of H. H. Massey with will annexed, had no authority to bring, nor the district court of Burleson county to entertain and try, said cause No. 2596, and grant the relief prayed for, as was done in said cause, because: First, at the time said suit was filed and disposed of in said district court an administration of the estate of H. H. Massey was pending in the probate court of Burleson county, and that said court had exclusive jurisdiction of said estate and was the only court which had authority to order the sale of property belonging to said estate for any purpose, and that, as said district court had no authority to try said cause No. 2596 and to order the sale of said land as it did do, the sale made by E. B. Bell, special commissioner, by order of said district court, was and is void and of no force and effect, and therefore the deed of said Bell to G. W. Price did not have the effect to convey the title to said land to said Price; second, that as plaintiffs were not parties to suit No. 2596, and as they were the owners of an undivided one-half interest in said lands under the will of H. H. Massey and also under the decree in cause No. 2547, the sale made under the decree in cause No. 2596, if otherwise valid, did not have the legal effect to divest plaintiffs of their title to said land, and that they are therefore still the owners thereof.

Defendants answered plaintiffs' allegations by specially pleading the facts set out in the preliminary statement herein, and further specially pleading that the title to the whole of the tract of land in controversy was in defendant O. V. Massey, and they further pleaded the three, five, and ten year statutes of limitation in bar of plaintiffs' right to recover in this suit.

Plaintiffs by supplemental petition pleaded their disabilities as minors in avoidance of defendants' plea of limitation.

The case was submitted to the court without a jury, who upon the pleadings and evidence found every issue in favor of defendants, and rendered judgment that plaintiffs take nothing by their suit and that defendants recover of plaintiffs all costs by them incurred. From this judgment, R. L. Boese, husband of Ethel Boese, alone has appealed.

[1] It is apparent, from the brief filed in this court by counsel who represented the plaintiffs in the trial court, that they are laboring under the impression that all of the plaintiffs have perfected their appeal to this court. But such, we think, is not true. The only appeal bond found in the record is one executed by R. L. Boese alone, as principal, and Thos. C. Hall, M. G. Cox, and U. S. Hearrell, as sureties, which, after an attempt to describe the judgment rendered by the court, reads as follows:

"Now, therefore, we, R. L. Boese, as principal, and Thos. C. Hall and M. G. Cox and U. S. Hearrell, as sureties, acknowledge ourselves bound to pay to Mrs. Nettie Massey Parkhill and other defendants (appellees herein) in the sum of two hundred and no/100 dollars; conditioned, however, that the said Ethel Boese and other plaintiffs (appellants herein) shall prosecute their appeal with effect, and shall pay all costs which have accrued in the court below and which may accrue in the Court of Civil Appeals and the Supreme Court.

"Witness our hands this the 26th day of November, A. D. 1915. R. L. Boese, Principal. Thos. C. Hall, M. G. Cox, U. S. Hearrell, Sureties."

It is apparent from the bond above mentioned that it is not an appeal bond executed by any one except R. L. Boese, as principal, and that he is the only one of the plaintiffs in the court below who has perfected an appeal to this court in this case.

The pleadings of plaintiff and the undisputed evidence show that appellant R. L. Boese has no interest in the subject-matter of the litigation, except as the husband of his wife, Ethel Boese, and that he was joined with his wife in the suit only for the purpose of meeting the requirements of the law that in suits by a married woman she shall be joined by her husband. Appellant, therefore is only a nominal party, without any interest in his own right in the subject-matter of the litigation, and could not appeal.

In the case of Hawley v. Whitaker, 33 S. W. 688, presenting practically the same proposition as here presented, it is said:

"It appears from the foregoing facts that Hawley was a mere nominal party to the suit, as such interest in the land as was acquired by the conveyance from Cummings to Hawley was really for the benefit of the iron company. It

follows that, as Hawley had no real interest in the land, he is not injured by the judgment of the court below. Hawley having no real interest in the land, and the iron company being a party to this suit, and not having appealed, we will not review the action of the court at the instance of appellant Hawley."

This cause being before this court solely upon the appeal of R. L. Boese, a nominal party only, and it appearing that Ethel Boese, Ruth Vinton, and Mart Massey, who are the parties for whose benefit the suit was brought, were parties to the suit and not appealing, we will not review the action of the trial court at the instance of appellant R. L. Boese.

The judgment of the trial court is affirmed. Affirmed.

### On Motion for Rehearing.

In our original opinion we held that this cause was before this court alone upon the appeal of R. L. Boese, a nominal party only, who had no interest in the subject-matter of the litigation, being joined in the suit only pro forma as the husband of plaintiff Ethel Boese. This holding was upon the theory that the appeal bond filed in the trial court was the bond of R. L. Boese only, and that it did not have the effect to perfect the appeal in behalf of the other plaintiffs, to wit, Ethel Boese, Ruth Vinton, and Mart Massey. Having reached such conclusion under the authority of Hawley v. Whitaker, 33 S. W. 688, we refused to review the action of the trial court at the instance of R. L. Boese.

The plaintiffs Ethel Boese, Ruth Vinton, Claude Vinton, and Mart Massey, as well as R. L. Boese, have filed their motion for rehearing, and therein insist that we erred in our said holding and that said appeal bond was sufficient to perfect the appeal of all of said parties.

While we are still inclined to the views expressed in the original opinion, we are not without some doubt as to the correctness of same, and therefore have concluded to grant the motion and consider the assignments of the parties, who will hereinafter be referred to as appellants. Before beginning to discuss the assignments, however, we make the following statement in addition to the statement made in the original opinion:

The trial court, before whom the cause was tried without a jury, found as facts the following:

That by said suit No. 2547 James F. Massey sued M. L. Womack, administrator of the estate of H. H. Massey, deceased, with will annexed, and the children of the second and third wives of said H. H. Massey and Mrs. Fannie Massey, his surviving widow; said children and surviving widow being the devisees under the will of said H. H. Massey. That said suit was for the purpose of having set aside to him, James F. Massey, all the interest his deceased mother, the first wife of H. H. Massey, had in the property held by his father, H. H. Massey, at the time of his death, which said interest he inherited as the sole heir of his deceased mother. That in said cause a decree was duly entered setting aside to said James F.

Massey said interest and setting aside the balance of said estate to the defendants as property of the estate of H. H. Massey, deceased. "That thereafter, on November 20, 1896, in a suit No. 2596, styled M. L. Womack, Administrator, et al., v. Eugene Massey et al., in the district court of Burleson county, Tex., the said M. L. Womack, as such administrator, sought to have partitioned and set aside for the estate as against the said Eugene Massey et al., children of the second wife of said H. H. Massey, deceased, the interest of the estate in said land from the interest of the defendants, as heirs of their mother, the said second wife of said H. H. Massey, deceased. That a decree was rendered in said court establishing the interest of the parties, and decreeing the land incapable of partition, and ordering it to be sold by a special commissioner, E. B. Bell, and that thereafter the said E. B. Bell did make a sale of the land in controversy, 178½ acres, described in the pleadings, and made his report to the court, in which he showed that he had sold said 178½-acre tract of land on December 4, 1896, to George W. Price, as appears by the Deed Records of Burleson county, vol. 15, p. 105, conveying said land. That the proceeds of such sale were partitioned in accordance with said decree, and the said M. L. Womack received as administrator the portion allotted by the court to the said estate of H. H. Massey, deceased, and that he administered the same in accordance with his final account, which was approved, as aforesaid, by the county court of Burleson county."

He further found that said Price paid the cash for said land, as appears in said court proceedings in said last-named suit; that through mesne conveyances from the said Price the defendant O. V. Massey is now the owner of said land, and that he, and those under whom he claims, have been in possession of said land, under deeds duly recorded, from the date of the purchase of the said G. W. Price from E. B. Bell, special commissioner as aforesaid, for more than ten years prior to the institution of this suit; that the administration with the will annexed of the estate of H. H. Massey, deceased, was duly closed and distributed in the probate court of Burleson county on or about the 28th day of August, 1898; that said H. H. Massey, deceased, was married three times, and had three sets of children, the last set being the plaintiffs in this suit.

As conclusions of law the court found:

"Under my conclusions of law in this case I am of the opinion that the will of the said H. H. Massey, deceased, gave to the last wife, who was the mother of the plaintiffs herein, her part interest in the undivided half of his old homestead, which is the land in controversy, and which is the same land that was sold by the decree of the district court in cause No. 2596, styled M. L. Womack, Administrator, v. Eugene Massey et al.

"The contention of counsel for plaintiffs before the court was that the decree in the first named cause, J. F. Massey v. M. L. Womack et al., No. 2547, in the district court of Burleson county, after vesting the title to a certain property in the plaintiff, as the mother's interest, then vested an absolute title to an interest in the plaintiffs in this cause. In my judgment it was a simple suit brought by said J. F. Massey to partition and set aside that part of the land inherited by him from his mother, who was the first wife of the said H. H. Massey, and that the administrator of the said H. H. Massey, together with all the heirs and

children, were made defendants for the purpose of having a final settlement of the plaintiffs' interest. The pleadings and the judgment in said cause being construed, it is clear to my mind that there was no intention of vesting any title in the plaintiffs in this cause, but the purpose of the suit, and the decree rendered therein, was to merely turn over to the administrator that part which the plaintiff in that suit did not claim, and that it was thereby placed in the hands of said administrator to be administered in the probate court of Burleson county. That the district court would have had no jurisdiction to have vested any of the title to the land in the plaintiffs in this suit, as against such administrator; the administrator having full charge and control of the estate to administer the same.

"I am of the opinion that the second suit filed by said M. L. Womack, as administrator, was merely for a like purpose, i. e., to separate and partition the property that really belonged to the estate of H. H. Massey, deceased, from the interest of the children of the second marriage that they inherited from their mother, and that he had the authority under the law to bring such suit and for such partition made, in order that he could properly administer that portion of the property that belonged to the estate of the said H. H. Massey, deceased. As the property was held incapable of partition and sold under the decree of the court, the proceeds of such sale that belonged to the estate of H. H. Massey, deceased, were properly decreed to be paid over to the said M. L. Womack, as administrator of the estate of H. H. Massey, deceased, and to be administered by him in the probate court. Said estate has long since been closed in said court, the administrator accounting for all moneys received, and for the money received from the sale of this property, and it was distributed by the court, in that case, and as a finality.

"I see nothing from the evidence in this case that would vest title in the plaintiffs, for certainly all the land belonging to the estate of H. H. Massey, deceased, was subject to his debts, regardless of any of the devisees in said will of said H. H. Massey, deceased. The district court was the only court that had the power to partition and separate the interest of the estate of H. H. Massey, deceased, from the interest of the children of the second wife, and, having jurisdiction to do so, its decree stands, and everything litigated therein is a finality, and cannot be collaterally attacked. Inasmuch as the district court, in the last-named case, had the jurisdiction and the authority to order the land sold, and to turn over the proceeds belonging to the estate of H. H. Massey, deceased, to his administrator, M. L. Womack, the said M. L. Womack was the only person that could be authorized to receive such money to be distributed and disbursed in accordance with the orders of the probate court of Burleson county, which had jurisdiction over such estate.

"Even if the will in question had specifically devised to the plaintiffs herein the land in controversy, still according to the law it was subject to the payment of the debts, and was not exempt property; and the sale under the decree of the district court divested the estate of H. H. Massey, or any devisee of his estate in his will, or any right, title, or interest that they might have by reason of any bequest in said will. If the will of H. H. Massey, deceased, had devised the whole of his interest in this tract of land in controversy to the plaintiffs, it would have been held by the administrator with the will annexed subject to the debts of the decedent, and when that land was sold under the order of the district court for partition all of their title in and to the same would have been divested out of them and out of all of the other parties claiming thereto, and vested in George W. Price under the deed from E.

B. Bell, as special commissioner, and the proceeds of such sale would have been what the plaintiffs in this case have looked to—and not the land."

With this statement, together with the statement in the original opinion, we will now discuss and dispose of the contentions of appellants.

By assignments 1, 2, 3, and 4, grouped in appellants' brief, it is, in substance, insisted that the district court of Burleson county was without authority to entertain and try said cause 2596, and render and enter the decree and orders it did so render and enter therein, and such decree and orders are void, and that the deed executed by E. B. Bell to G. W. Price, by which he purported to convey the land involved in this suit to said Price, is void and of no effect, and consequently said deed did not have the effect to divest plaintiff of title to said lands and vest the same in said Price: First, because by the decree in cause No. 2547, James F. Massey v. M. L. Womack, Administrator, et al., the land involved in this suit was decreed to plaintiffs and their mother, Mrs. Fannie Massey, and none of them were in any manner made parties in said cause No. 2596, and hence the decree entered therein in no way affected their rights in and to said land accruing to them by virtue of said decree in said cause No. 2547; second, because at the time the decree in cause 2596 was entered an administration was pending upon the estate of H. H. Massey, deceased, in the county court of Burleson county, Tex., which said court had exclusive jurisdiction of all proceedings on the part of the administrator and legatees of H. H. Massey, deceased, to partition the estate of said H. H. Massey or any part thereof, and the district court in which said decree was entered was without jurisdiction to entertain said suit and enter said decree or to make any orders therein affecting said estate, and therefore said decree is void and of no effect. There is no merit in any of these contentions, and they are overruled.

[2] The contention that the decree in cause No. 2547 set aside to, or vested title in, Mrs. Fannie Massey or her children, the plaintiffs in this suit, to any specific lands belonging to the estate of H. H. Massey, deceased, is wholly untenable. That suit was one brought by James F. Massey, son of the first wife of said H. H. Massey, against M. L. Womack, administrator of said H. H. Massey's estate with will annexed, Mrs. Fannie Massey, the third and surviving wife of said H. H. Massey, and all the children of the second and third wives of H. H. Massey, to recover such portion of the entire estate, real and personal, held by his deceased father at the time of his death, as belonged to the estate of his deceased mother, Jane Massey, the first wife of said H. H. Massey. A decree was entered in said cause setting aside to the plaintiff James F. Massey one-

fourth of said property, and to the administrator of H. H. Massey and the other defendants the other three-fourths thereof in bulk. By the decree of partition in said cause there was set aside to defendants Womack, administrator, and others, three separate tracts of land, first, the 178½ acres, called the old homestead in the will of H. H. Massey, being the tract involved in this suit, a part of the S. C. Robertson league, 40 acres, a part of the N. W. Thornton survey, and 160 acres, a part of the Ed Hill survey, referred to in said will as "my homestead." When we look to the whole proceedings in said cause No. 2547, we think it clearly apparent that it was not intended by that suit, or by the decree entered therein, that any of the defendants should be vested with title to any lands which had not theretofore vested in them, or to divest any of them of any title to any lands whatever, except as between them and plaintiff James F. Massey, and that such decree had no other effect. We think the trial court correctly found that the only effect of said decree was to partition the interest of James Massey in said properties from the interest therein belonging to the estate of H. H. Massey, deceased. There was no adjudication of the rights of the defendants as between them in said cause. If the appellants ever had any interest in the land involved in this suit, it was by bequest in the will of H. H. Massey, and not by virtue of the decree in cause No. 2547.

[3] We also agree with the trial court in his finding that suit No. 2596 was brought by M. L. Womack, administrator, to have partitioned and set aside for the estate of H. H. Massey, as against Eugene and other children of the second wife of said Massey, the interest of said estate in said land from the interest of said children therein, as heirs of their deceased mother, who owned an undivided one-half interest therein at the time of her death, so that he might take possession thereof and administer the same as the administrator of said estate, and for no other purpose. We are of the opinion that the district court had the power and authority to entertain said suit and to render the decree entered therein, and to have the lands involved sold for the purpose of partition.

[4] It is provided by article 1836 of the Revised Civil Statutes that suits for the possession of lands may be instituted by executors, administrators, or guardians appointed in this state, in like manner as they could have been by their testator or intestate; and that judgment in such cases shall be as conclusive as if rendered in favor of, or against, such testator or intestate. Let us suppose that after the death of his second wife, and prior to his own death, H. H. Massey had instituted suit against his second set of children, as was done in cause No. 2596 by M. L. Womack, his administrator, and had pleaded the same identical facts

that were pleaded in that case by the administrator; would there have been any question as to his right to bring such suit? Of course not. That being true, then, in our judgment, article 1836, supra, would be meaningless if it does not confer the same right upon the administrator of his estate. It is not necessary to make the heirs parties to suits brought by an administrator of an estate in which they have an interest, so as to bind them by the decree entered thereon. Lawson v. Kelley, 82 Tex. 457, 17 S. W. 717; Boggess v. Brownson, 59 Tex. 417; Gunter v. Fox, 51 Tex. 383; Rogers v. Kennard, 54 Tex. 36; Zacharie v. Waldrom, 56 Tex. 116.

The district court of Burleson county had the authority by special commissioner to sell the land in question for the purpose of partition in cause No. 2596. Article 6111, Revised Statutes. It is provided by article 6111, cited above, that:

"Should the court be of the opinion that a fair and equitable division of the real estate, or any part thereof, cannot be made, it shall order a sale of so much of such real estate as is incapable of partition, which sale shall be for cash, or upon such other terms as the court may direct, and shall be made as under execution, or by private sale through a receiver, if the court so order, and the proceeds thereof shall be returned into court and be partitioned among the persons entitled thereto, according to their respective interests."

We conclude that the deed from E. B. Bell, special commissioner, to G. W. Price, conveyed good title to the land sold to Price as against the estate of H. H. Massey and his heirs or devisees, and that appellee, who holds title by mesne conveyances from Price, now has title to said land.

[5] We also conclude that the trial court correctly found and held that appellee has title to the land in question under the ten-year statute of limitation pleaded by him.

We sustain the conclusion of the trial court that the land involved in this suit was bequeathed to Mrs. Fannie Massey, the third wife of H. H. Massey, by the will of said Massey, and that she was the owner of the same at the time it was sold and conveyed to G. W. Price, by order of the district court on the 11th day of December, 1896, subject only to the payment of debts against the estate of H. H. Massey in the possession of M. L. Womack, administrator of said estate.

The evidence shows the land was conveyed by Bell, special commissioner, to G. W. Price by his deed of date December 11, 1896; that Price took possession of said land immediately after his purchase in 1896, during the life of Mrs. Fannie Massey, who died some seven years later; that Price, and those holding under and through him, had held continued peaceable, adverse, and uninterrupted possession of said land, using and cultivating the same, from the date of the purchase by Price up to the date of bringing this suit by appellants on the 9th day of November, 1914, a period of about 18 years.

We have considered all of appellants' assignments and what has been said disposes of all of them, and they are therefore overruled.

We find no error in the trial of the cause, nor in the judgment rendered in the court below; therefore the same is affirmed.

Affirmed.